# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| AIKEN, ST. LOUIS & SILJEG, P.S., | No. 46738-1-II |
| Appellant, | |
| v. | |
| JENNIFER M. LINTH, in her individual capacity, in her capacity as Trustee of the Evelyn Plant Trust and in her capacity as Personal Representative of the estate of Carolyn Linth, | PUBLISHED OPINION |
| Respondent. | |

LEE, J. — Aiken, St. Louis, and Siljeg, P.S. (Aiken), moved to enforce its attorney's lien under RCW 60.40.010(1)(d) against Jennifer Linth in her personal capacity, remove Linth as trustee of the Evelyn Plant Trust (Trust), appoint a new trustee, and compel the sale of the Trust's real property. The superior court denied Aiken's motion. Aiken appeals the superior court's order, arguing that the superior court erred by ruling that (1) under RCW 60.40.010(5), Aiken's lien extends only to any monetary sum received in the trust action that comes into Linth's possession; (2) RCW 60.40.010(2) does not grant Aiken the authority to remove Linth as trustee, appoint a

new trustee, or compel the sale of the trust's Green Point Property; and (3) the amount of attorney fees owed is a contested factual issue.[1]

We hold that (1) the attorney's lien extends to any monetary sum Linth receives in the Trust action, not only to monetary sums in Linth's possession; (2) there is no authority for a law firm to replace its former client as the litigant and control the litigation to satisfy its own financial interests by taking a position adverse to its former client's interests; (3) the amount and reasonableness of the attorney fees owed is a disputed fact that requires a hearing. Thus, we affirm in part and reverse in part the superior court's order.

FACTS

Beginning in 2001, the law firm of Aiken, St. Louis, and Siljeg, P.S., represented Jennifer Linth in a dispute regarding the Evelyn M. Plant Trust and Estate, primarily disputing various parties' claims to the Trust's approximately 60-acre Green Point property (the Property), in Port Angeles, Washington.[2] Linth agreed to pay Aiken its regular hourly rate on a monthly basis. In 2002, "due to financial issues,"[3] Aiken agreed to defer payment "until a settlement was reached by the various entities with conflicting claims" to the Property and the Property was sold. Clerk's Papers (CP) at 89.

---

[1] Aiken also asserts that the superior court erred by denying its motion for reconsideration, but Aiken does not offer any argument on the assignment of error. In the absence of argument, Aiken waives this issue. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

[2] Aiken also represented Carolyn Linth, but she has since died and is not a party to this appeal. None of the other parties involved in the Trust dispute is a party to this appeal.

[3] The record does not indicate the nature of the "financial issues."

In 2005, the parties with claims to the Trust agreed to settle their dispute and entered into a Nonjudicial Dispute Resolution Agreement (the Agreement). The Agreement provided that the Property would be sold and that Linth would receive a substantial portion of the proceeds. Pursuant to the Agreement, the former trustee began arranging for the sale of the Property. The former trustee received an offer of $3.7 million for the Property, but the sale was not completed.[4]

On October 30, 2006, Aiken served Linth and the former trustee with a notice of attorney's lien on proceeds from the sale of the Property in the amount of $245,823.35, for services rendered from June 2001 through August 2006. In 2007, after consulting its counsel, the trustee made a presale advance distribution of $29,999.45 to Linth.[5] Aiken did not receive any portion of this distribution in satisfaction of its attorney's lien. In 2008, the former trustee resigned, and Linth was appointed successor trustee.[6]

In 2009, Aiken withdrew from its representation of Linth. In 2012, Aiken filed a complaint for declaratory relief approving attorneys' fees, enforcement of attorney's lien directing method of payment and injunctive relief. In 2014, Aiken brought a motion to enforce its attorney's lien. In its motion to enforce its attorney's lien, Aiken argued that its lien extended to any monetary sum received by not only Linth, but all Trust beneficiaries. It also argued that it has a "statutory

---

[4] At the time of the superior court's order, the Property had not been sold.

[5] On March 13, 2008, Aiken filed an amended notice of lien, claiming fees owed in the amount of $293,121.11 for services rendered from June 2001 through February 2008. Although the record shows when Aiken served Linth with notice of the lien, it does not show when Aiken filed the lien.

[6] In 2009, Linth, in her capacity as trustee, brought a motion to vacate the Agreement. The superior court denied the motion to vacate, and Linth appealed to this court. *Evelyn Plant Trust, et al. v. Jennifer Linth*, No. 41285-3. On April 20, 2016, this court dismissed the appeal and terminated review.

right to enforce the [Agreement] insofar as necessary to protect its lien rights," which includes the right to remove Linth as trustee and "appoint a professional trustee who will sell the Property and make a proper distribution of the proceeds." CP at 635-36.

The superior court found that Aiken has a valid attorney's lien for compensation on the related Trust action pursuant to RCW 60.40.010(1)(d), including a "continuing lien on 'proceeds' received by . . . Linth in the trust action within the meaning of RCW 60.40.010(5)." CP at 98. However, based on RCW 60.40.010(2), the superior court denied Aiken's "motion to enforce its lien rights by removing . . . Linth as trustee, appointing a new trustee and compelling the sale of the . . . Property." CP at 99. The superior court also found that the amount of attorney fees owed is a contested factual issue. Aiken appeals.

## ANALYSIS

A.     MOTION FOR ENFORCEMENT OF ATTORNEY'S LIEN

1.     Legal Principles

Whether RCW 60.40.010, the attorney's lien statute, entitles Aiken to all funds in the Trust action or provides Aiken the authority to remove Linth as trustee, appoint a new trustee, or compel the sale of the Property is a question of statutory interpretation. The meaning of RCW 60.40.010 is a question of law that we review de novo. *Smith v. Moran, Windes & Wong, PLLC*, 145 Wn. App. 459, 464, 187 P.3d 275 (2008), *review denied*, 165 Wn.2d 1032 (2009).

Our fundamental objective in interpreting a statute is to ascertain and carry out the legislature's intent. *Id.* at 463. "If a statute's meaning is plain on its face, then we must give effect to that plain meaning." *Id.* "Under the plain meaning rule, such meaning is derived from all that

the legislature has said in the statute and related statutes that disclose legislative intent about the provision in question." *Id.*

However, if a statute is ambiguous, we may look to outside sources, such as legislative history, to determine legislative intent. *Id.* "A statute is ambiguous if it is subject to more than one reasonable interpretation." *Id.* at 464.

We do not adopt an interpretation that renders any portion meaningless." *Id.* "This court will avoid a literal reading of a provision if it would result in unlikely, absurd, or strained consequences." *Dep't of Licensing v. Cannon*, 147 Wn.2d 41, 57, 50 P.3d 627 (2002).

      2.      RCW 60.40.010(1)(d) and RCW 60.40.010(5)

Aiken argues that the superior court erred by finding that "[t]he lien extends [only] to any monetary sum received in the trust action that comes into [Linth's] possession." Br. of Appellant at 3. We agree and hold that that the attorney's lien extends to any monetary sum Linth *receives* in the Trust action, regardless of whether the funds come into or are in her possession.

RCW 60.40.010 provides, in relevant part:

(1) An attorney has a lien for his or her compensation, whether specially agreed upon or implied, as hereinafter provided:

    . . . .

    (d) Upon an action, including one pursued by arbitration or mediation, and its proceeds after the commencement thereof to the extent of the value of any services performed by the attorney in the action, or if the services were rendered under a special agreement, for the sum due under such agreement; and

    . . . .

(5) For the purposes of this section, *"proceeds" means any monetary sum received in the action*. Once proceeds come into the possession of a client, such as through payment by an opposing party or another person or by distribution from the attorney's trust account or registry of the court, the term "proceeds" is limited to identifiable cash proceeds determined in accordance with RCW 62A.9A-315(b)(2). The attorney's lien continues in such identifiable cash proceeds, subject to the rights of a secured party under RCW 62A.9A-327 or a transferee under RCW 62A.9A-332.

(Emphasis added.)

Under the plain language of this statute, an attorney has a lien for compensation due to him or her upon an action and its proceeds. RCW 60.40.010(1)(d). "Proceeds" is limited to the monetary sums the client receives in the action. Thus, the plain language of the statute limits an attorney's lien to the monetary sum received in the action by the client. *See Ferguson Firm, PLLC v. Teller & Assocs., PLLC*, 178 Wn. App. 622, 632, 316 P.3d 509 (2013) ("The plain language of the statute [RCW 60.40.010] establishes that 'any monetary sum received in the action' constitutes 'proceeds.' Ferguson received a monetary sum and, therefore, received 'proceeds' to which the lien attaches."), *review denied*, 180 Wn.2d 1025 (2014).

The plain language of RCW 60.04.010(1)(d) and RCW 60.04.010(5) entitle Aiken to monetary sums that Linth receives in the Trust action. The plain language does not support Aiken's broad reading that its attorney's lien extends to the action and to any proceeds in the action regardless of who has them or whether they have been paid yet. However, the plain language also does not limit the attorney's lien only to monetary funds in Linth's *possession*. We distinguish between monetary sums in Linth's "possession" and the amount Linth "receives." Linth may receive, as she has in the past, monetary sums that do not remain in her possession. Thus, Aiken's lien extends to the amount of monetary sums that Linth receives, regardless of whether the sums

are in her possession. Therefore, the superior court erred by finding that Aiken's "lien extends to any monetary sums received in the trust action that comes into . . . Linth's possession." CP at 98. Accordingly, we reverse in part and hold that Aiken's lien extends to monetary sums Linth receives in the Trust action,[7] regardless of whether the funds come into or are in Linth's possession.

　　　3.　　　RCW 60.04.010(2)

Aiken argues that RCW 60.40.010(2) gives attorneys the power to step into the shoes of their client as a beneficiary of the Trust, remove the trustee, and compel the sale of the Property. To the extent Aiken argues that its entitlement to monetary sums Linth receives in the Trust action also entitles it to step into Linth's shoes, we disagree.

RCW 60.40.010(2) states:

> Attorneys have the same right and power over actions to enforce their liens under subsection (1)(d) of this section and over judgments to enforce their liens under subsection (1)(e) of this section as their clients have for the amount due thereon to them.

"The meaning of this subsection is not entirely clear from the text." *Smith*, 145 Wn. App. at 468. And because the meaning is not clear, we turn to the legislative history to determine legislative intent. *Id.* at 463-64. However, the legislative intent behind RCW 60.40.010(2) is made clear by a reading of the legislature's stated purpose.

> *The purpose of this act is to end double taxation of attorneys' fees obtained through judgments and settlements, whether paid by the client from the recovery or by the defendant pursuant to a statute or a contract.* Through this legislation, Washington law clearly recognizes that attorneys have a property interest in their clients' cases so that the attorney's fee portion of an award or settlement may be taxed only once and against the attorney who actually receives the fee. This statute should be liberally construed to effectuate its purpose. This act is curative and remedial, and

---

[7] Here, the amount that Linth received in the action to date is the presale advance distribution of $29,999.45.

intended to ensure that Washington residents do not incur double taxation on attorneys' fees received in litigation and owed to their attorneys.

LAWS OF 2004, ch. 73, § 1 (emphasis added); S.B. REP. ON ENGROSSED SUBSTITUTE 6270, 58th Leg., Reg. Sess. (Wash. 2004); *see also Smith*, 145 Wn. App. at 468 n.23 ("The purpose of the amendments is to recognize an attorney's property interest in an action in order to avoid double taxation.").

It is clear from the . . . legislative history that the purpose of RCW 60.40.010(2) is to recognize an attorney's property interest in his or her client's case in order to avoid double federal income taxation. In short, counsel's property interest by way of the lien, not the client's interest, is to be taxed.

*Smith*, 145 Wn. App. at 468. The *Smith* court's interpretation is consistent with the legislative history, which explained that:

In Washington, prevailing plaintiffs in civil rights employment cases must pay federal income tax on the entire amount of the settlement or judgment, including any amounts awarded for attorney's fees. The attorney also pays federal income taxes on the same fees when the attorney receives them.

FINAL B. REP. ON ENGROSSED SUBSTITUTE S.B. 6270, 58th Leg., Reg. Session (Wash. 2004). Thus, in enacting what became RCW 60.40.010(2), the legislature intended to remove this double-taxation, stating "its purpose of making attorney's fees taxable solely to the attorney." FINAL B. REP. ON ENGROSSED SUBSTITUTE S.B. 6270.

Nowhere in the stated legislative intent or legislative history is there any suggestion that the purpose of RCW 60.40.010(2) was to allow the attorney to remove or replace the client in the

action and the litigation. The right to seek enforcement of an attorney's lien does not equate to the right to control the underlying litigation to satisfy the attorney's interest.[8]

Aiken contends that RCW 60.40.010(2) provides a statutory right to protect its attorney's lien by enforcing a settlement agreement, which its former client is actively challenging, in an effort to generate proceeds to satisfy the attorney's lien.[9] Aiken notes that the lien is protected, at least in part, by RCW 60.40.010(3), (4), which provides that the lien is superior to all other liens, and is not affected by settlements between the parties to the action until the lien is satisfied.

Aiken has cited no authority to support its contention. "Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none." *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962). Moreover, Aiken's interpretation would lead to an absurd result where attorneys could commandeer their client's litigation to pursue their own financial interest.

---

[8] Aiken cites to cases from foreign jurisdictions. Br. of Appellant 24-27 (citing *Banaitis v. Comm'r of Internal Revenue*, 340 F.3d 1074 (9th Cir. 2003); *Comm'r of Internal Revenue v. Banks*, 543 U.S. 426, 125 S. Ct. 826, 160 L. Ed. 2d 859 (2005)). However, these cases involve federal income tax considerations so they are not instructive here.

[9] Aiken recites much of the legislative history of RCW 60.04.010 and related foreign case law, suggesting it supports its argument that an attorney can enforce its lien by controlling its former client's ongoing litigation because the lien creates a property interest in the action. While Aiken is correct that its attorney's lien creates a property interest, its brief lacks any legal argument demonstrating that the legislative history, which is almost entirely related to tax issues, allows Aiken to intervene in and control its former client's ongoing litigation. *See Smith*, 145 Wn. App. at 468 (holding attorneys have a property interest in client's case to avoid double federal income taxation).

To the extent that Aiken argues that its attorney's lien is a lien on the Property, that argument fails because it is contrary to the case law and legislative history. The legislative history states that "'[p]roceeds' are limited to monetary sums received in the action, so the lien is not enforceable against real or personal property." FINAL B. REP. ON ENGROSSED SUBSTITUTE S.B. 6270. Further,

> If the legislature had intended attorneys' liens to attach to real property as proceeds of a judgment, it would have included a provision to that effect as other states have done. We note that the legislature has not left an attorney remediless in collecting fees after the attorney-client relationship has been terminated. He has, among other remedies afforded general creditors, the ability to reduce his fees to judgment and thus subject his client's real property to a judgment lien.

*Ross v. Scannell*, 97 Wn.2d 598, 605, 647 P.2d 1004 (1982).

Aiken provides no authority to support its claim that its attorney's lien extends to an interest in the Property. And to the extent that Aiken argues that RCW 60.40.010(2) allows it to sell its clients real property in order to satisfy its lien, it also provides no authority for that proposition.

Aiken has offered no authority providing a statutory right to control its former client's litigation by enforcing a contested settlement agreement in opposition to its former client's wishes. Accordingly, Aiken's argument that it has the statutory right to enforce Linth's settlement agreement by removing the trustee and compelling the sale of the Property fails.[10]

---

[10] Aiken also argues that we should appoint a new trustee to execute the Agreement. However, we are reviewing an order on a motion to enforce attorney's lien—we are not reviewing any decision in the trust action that affects the attorney's lien. Aiken's argument on this point is not properly before us, and we decline to address it.

4.      Amount of Attorney Fees

Aiken argues that the superior court erred by finding that the total amount of attorney fees owed is a contested factual issue requiring a hearing for determination. We disagree.

"A proceeding to enforce a lien is an equitable proceeding." *King County v. Seawest Inv. Assocs., LLC*, 141 Wn. App. 304, 314, 170 P.3d 53 (2007), *review denied*, 163 Wn.2d 1054 (2008). "Courts have broad discretion when fashioning equitable remedies, and we review those remedies for an abuse of discretion." *Id.* at 314. A trial court abuses its discretion when its decision is manifestly unreasonable or based upon untenable grounds. *Id.*

Here, the superior court found:

> While [Aiken] presents sound arguments in support of their position, the court is not satisfied that Aiken, as the moving party, has established that the fees in question are fixed and established by agreement as alleged. The fees are contested. This is a factual issue. A hearing or trial to resolve the limited factual issue of the amount of the lien is necessary.

CP at 95.

In its motion to enforce its lien, and before this court, Aiken argued that the amount of its lien is "fixed as a sum certain and established by agreement." Br. of Appellant at 29. Aiken contends that Linth acknowledged her obligation to pay by receiving and accepting monthly invoices for years without objection, and by acknowledging the obligation after signing the Agreement.[11]

---

[11] Aiken argues that Linth does not have standing to dispute the amount of attorney fees owed because she waived and extinguished her rights under the Agreement, and so she would be unaffected by the payment of fees. Aiken does not provide any support for its argument that Linth's settlement in the Trust dispute removes her standing to dispute the amount of attorney fees owed to Aiken. In the absence of authority, Aiken's claim fails. *See DeHeer*, 60 Wn.2d at 126; *Cowiche Canyon*, 118 Wn.2d at 809.

However, the record demonstrates that the parties dispute the reasonableness of the fees owed. Linth asserts that she did not sign a fee agreement and that a hearing was necessary to determine the amount at issue. Linth also submitted a declaration of another attorney disputing the reasonableness of the alleged amount owed.[12]

The superior court's finding that the parties contest the amount of attorney fees owed is supported by the record, and its determination that a hearing is required to determine the amount of fees was reasonable. Accordingly, we hold that the superior court did not abuse its discretion in finding that the amount of attorney fees owed is a contested factual matter that requires a hearing.

B.    LINTH'S MOTION TO DISMISS

Linth moved to dismiss this appeal on several grounds in her brief. Linth's motion lacks merit.[13]

Linth argues that Aiken's argument is barred by collateral estoppel and alleges a variety of violations of the Rules of Professional Conduct. The record does not show that these arguments were raised below. Because Linth raises these claims for the first time on appeal and because the record is insufficient to allow review, we do not address her claims. RAP 2.5(a).

---

[12] Aiken objected to the declaration. The superior court overruled the objection, finding that Aiken's arguments go to the weight, rather than the admissibility of the declaration. The superior court noted, "If nothing else, the declaration adds to . . . Linth's argument that there are contested factual issues in need of resolution." CP at 95.

[13] Linth also asks us to consider awarding fees and costs, either as the prevailing party or by imposing sanctions on Aiken. Linth fails to cite to any authority entitling her to appellate costs, as required by RAP 18.1. We decline to award her fees and costs or impose sanctions on Aiken.

Linth contends that she "is entitled to present a series of defenses, any of which will likely eliminate or defray the fee claims." Br. of Resp't at 39 (boldface omitted). She claims that her potential defenses include statute of limitations, statute of frauds, existence of a contract, amount and reasonableness of fees, and the fiduciary duty of trustee. We disagree.[14]

Linth argues that the statute of limitations for Aiken's claims is six years and that the statute began to run in 2002 when "he knew, realized and appreciated that he was not being paid." Br. of Resp't at 40. Linth offers two case citations to support her argument, neither of which is applicable here. Br. of Resp't at 40-41 (citing *Tingey v. Haisch*, 159 Wn.2d 652, 152 P.3d 1020 (2007) (addressing the statute of limitations governing actions on accounts receivable under RCW 4.16.040, where an attorney sued former client, an alternative method of collecting unpaid attorney fees)); *U.S. Oil & Ref. Co. v. Dep't of Ecology*, 96 Wn.2d 85, 633 P.2d 1329 (1981) (discussing the statute of limitations with regards to actions brought by the Department of Ecology to collect penalties for unlawful waste discharges). In the absence of adequate citation to the relevant authority, we do not address Linth's claim. RAP 10.3(a)(6); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).[15]

## CONCLUSION

The plain language of RCW 60.04.010(1)(d) and RCW 60.04.010(5) entitle Aiken to monetary sums that Linth receives in the Trust action, regardless of whether the sums are in Linth's

---

[14] Presumably, these claims address the validity of Aiken's lien, which this court is not reviewing. The superior court found that Aiken has a valid attorney's lien and Linth did not cross-appeal that ruling.

[15] Linth does not provide citation to the record or authority for the remainder of her arguments. Therefore, we do not address them. RAP 10.3(a)(6); *Cowiche Canyon*, 118 Wn.2d at 809.

possession. The plain language does not limit the attorney's lien only to monetary funds in Linth's *possession*. RCW 60.40.010(2) does not allow the attorney to replace the client in the action and the litigation; therefore, Aiken's argument that it has the statutory right to enforce Linth's settlement agreement by removing her as the trustee and compelling the sale of the Property fails. The trial court's finding that the parties contest the amount of attorney fees owed is supported by the record, and its determination that a hearing is required to determine the amount of fees was reasonable. Therefore, we affirm in part and reverse in part the superior court's order.

Lee, J.

We concur:

Worswick, P.J.

Johanson, J.