**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION  II**

| | |
|---|---|
| ARMSTRONG MARINE, INC., | No.  53163-1-II |
| Respondent, | |
| v. | |
| MICHAEL P. WILEY, JR., | UNPUBLISHED OPINION |
| Appellant. | |

GLASGOW, J.—Armstrong Marine Inc. sued Michael P. Wiley Jr., a former employee, to enforce a noncompete agreement. During the course of the litigation, Wiley's attorney, Joseph Wolfley, withdrew from the case. Armstrong Marine ultimately stopped pursuing its claim, and the court dismissed the case for lack of prosecution.

Wolfley then filed a motion seeking attorney fees and to enforce his attorney's lien against any proceeds that Wiley would be entitled to. On the day of the hearing, Wiley filed a declaration asserting that Wolfley was acting on his behalf. The trial court declined to consider this untimely declaration and denied Wolfley's motion for attorney fees.

Wiley appeals, arguing that the motion for attorney fees was properly filed and that the trial court should have concluded that he was the prevailing party and entitled to fees.

We hold that Wiley failed to properly appeal or assign error to the trial court's decision not to consider Wiley's declaration. Wolfley was not authorized to seek attorney fees himself because he had withdrawn from the case. Thus, Wolfley's underlying motion for attorney fees was improper, and the trial court did not err in denying it. We affirm.

FACTS

Armstrong Marine employed Wiley as a welder. Wiley signed a contract that included a noncompete agreement and also provided: "In the event of any demand or suit in connection with this Agreement, the prevailing party shall be entitled to its reasonable costs and expenses, including reasonable attorney's fees." Clerk's Papers (CP) at 159.

After Wiley left to work for a nearby competitor, Armstrong Marine sued him to enforce the noncompete agreement. Wolfley appeared as Wiley's attorney. Wiley counterclaimed for attorney fees and moved for summary judgment. The trial court denied both the motion for summary judgment and Wiley's subsequent motion for reconsideration.

Armstrong Marine filed a motion to compel discovery that the trial court granted. The trial court ordered sanctions against Wiley to be held in abeyance subject to Wiley complying with the discovery order.

Wolfley then withdrew from the case and filed an attorney's lien on any recovery Wiley might receive under RCW 60.40.010.

Armstrong Marine stopped prosecuting its case and, more than a year later, the court sent notices to Armstrong Marine, Wolfley, and Wiley that the case would be dismissed for lack of prosecution in 30 days. Neither party took any further action, and the court dismissed the case. Neither party has claimed a lack of notice of the dismissal.

Wolfley then filed a motion for an award of attorney fees and entry of judgment based on his previously filed lien. He claimed that Wiley was entitled to fees as the prevailing party and that Wolfley, in turn, was entitled to seek those fees himself through enforcement of his attorney's lien.

No. 53163-1-II

On the day of the hearing on the attorney fees motion, after Armstrong Marine had filed its response and after the local rule deadline for submitting supporting affidavits, *see* Clallam County LCR 77(k)(6), Wiley filed a declaration stating that he supported Wolfley's motion for attorney fees and incorporated it as his own.[1] At the hearing on Wolfley's motion, the trial court declined to consider Wiley's declaration.

The trial court then denied Wolfley's motion for attorney fees. The trial court noted that the case had already been dismissed without costs to either party, defense counsel was neither a party nor the attorney of record at the time he filed his motion for attorney fees, there were no proceeds to which the lien could attach, and Wiley had not prevailed on any issue or motion up to that point.

The trial court's written order indicated that the court ultimately based its decision on the fact that there were no proceeds to which the lien could attach and Wiley was not a prevailing party. The order did not address the import of Wiley's declaration, though it did state that the trial court had "considered Mr. Wolfley's motion, including his Declaration and Reply, as well as Plaintiff's opposition thereto, and heard oral argument on the motion on March 8, 2019." CP at 8. Consistent with its oral ruling, the trial court did not list Wiley's declaration in the documents it considered when addressing the motion.

Wiley filed an amended notice of appeal in this court but did not attach the written order. In addition, Wiley described the bases of his appeal as:

> [T]he court's error in determining that Defendant is not the prevailing party when the Court dismissed Plaintiff's claim for lack of prosecution, and the Court's error in denying an award of attorney's fees where Defendant is the prevailing party according to the contract Plaintiff sought to enforce against Defendant. Additional grounds are reserved until after the records are reviewed.

---

[1] Wolfley also filed his own affidavit detailing the basis for his fees at the same time.

3

No. 53163-1-II

Am. Notice of Appeal at 1. Attached to the amended notice of appeal were a transcript of the trial court's oral ruling and handwritten minutes from the hearing. While Wiley later filed a copy of the trial court's written order, no further amended notice of appeal expanding the grounds for appeal was ever filed.

## ANALYSIS

Wiley argues that the trial court improperly denied the request for attorney fees because he should have been considered the prevailing party for the purposes of the contract.[2] Armstrong Marine counters that regardless of whether Wiley should be considered the prevailing party, RCW 60.40.010 does not permit an award of attorney fees to Wolfley in this context. We agree that Wolfley was not authorized to seek attorney fees on his own and the trial court properly declined to consider Wiley's untimely declaration, a decision that was not appealed and to which Wiley has failed to assign error.

A.    Whether the Dismissal Precluded Wolfley from Seeking Fees

As a threshold matter, Armstrong Marine argues that Wiley should have sought attorney fees before the case was dismissed, or he should have filed a motion to set aside the dismissal because he cannot move for relief once a case is dismissed. But a court retains jurisdiction to award attorney fees even after a case is dismissed on the merits. For example,

> [w]hile a voluntary dismissal under CR 41(a)(1) generally divests a court of jurisdiction to decide a case on the merits, an award of attorneys' fees pursuant to a statutory provision or contractual agreement is collateral to the underlying proceeding. As a result, the court retains jurisdiction for the limited purpose of considering a defendant's motion for fees.

*Hawk v. Branjes*, 97 Wn. App. 776, 782-83, 986 P.2d 841 (1999).

---

[2] The appellant's brief identifies Wiley, not Wolfley, as the appellant in this appeal.

4

There is no compelling reason not to apply this reasoning to dismissals for lack of prosecution. Wiley's request for fees under the contract is collateral to the underlying lawsuit, and he would not have been entitled to fees until prevailing as a result of the dismissal, so the trial court retained jurisdiction over the fee request. As the *Hawk* court said:

> Any other result would permit a party to voluntarily dismiss an action to evade an award of fees under the express terms of a statute or agreement. Moreover, to hold otherwise would unnecessarily subject the courts to separate actions to recover fees readily ascertainable upon dismissal of the underlying claim.

*Id.* at 783.

Armstrong Marine also relies on Clallam County LCR 0.7 to argue that Wolfley had a duty to submit a claim for attorney fees before dismissal of the lawsuit.[3] While that rule requires an attorney claiming fees to submit a particular form itemizing the basis for the attorney fees claim, the rule does not require that the claim be made at a particular time. Clallam County LCR 0.7. As a result, this local rule did not govern the proper timing of the motion for attorney fees.

Therefore, the fact that Wiley did not seek fees before the case was dismissed or move to reopen the case did not preclude him from seeking attorney fees.

B.       Wolfley's Ability to Pursue Attorney Fees Under RCW 60.40.010

Armstrong Marine argues that it was improper for Wolfley to seek to enforce his lien under RCW 60.40.010 in this case because he did not have standing to intervene to recover attorney fees when he was no longer the attorney of record. Armstrong Marine argues that it was improper for Wolfley to file a motion requesting attorney fees and to enforce his lien

---

[3] Armstrong Marine actually cites to Clallam County LAR 0.7, but it must mean LCR 0.7, which addresses attorney fees claims in civil cases.

because he was not a party and he was no longer representing Wiley. Wiley counters that his declaration effectively empowered Wolfley to seek attorney fees on his behalf.[4] We agree with Armstrong Marine that the trial court properly did not consider Wiley's declaration and that Wolfley was not independently authorized to move for attorney fees.

The application and meaning of RCW 60.40.010 are issues of statutory interpretation that we review de novo. *Aiken, St. Louis & Siljeg, P.S. v. Linth*, 195 Wn. App. 10, 15, 380 P.3d 565 (2016). "Our fundamental objective in interpreting a statute is to ascertain and carry out the legislature's intent." *Id.* "'If a statute's meaning is plain on its face, then we must give effect to that plain meaning.'" *Id.* (quoting *Smith v. Moran, Windes & Wong, PLLC*, 145 Wn. App. 459, 463, 187 P.3d 275 (2008)). If a statute is ambiguous, we may consider legislative history and other external sources to determine legislative intent. *Id.* We avoid interpreting a statute in a way that renders any portion meaningless or that would lead to absurd or strained results. *Id.*

1.    Background on attorney's liens

Where an attorney has a lien for their compensation, the lien attaches, among other things, to an action and its "proceeds," as well as to any "judgment," to the extent of the value of the services rendered by the attorney. RCW 60.40.010(1)(d)-(e). RCW 60.40.010(2) provides that "[a]ttorneys have the same rights and power over actions and judgments to enforce their liens under [subsections (1)(d) and (e)] . . . as their clients." RCW 60.40.010(5) defines "'proceeds'" as "any monetary sum received in the action." The proceeds are limited to the

---

[4] Wiley poses this issue as one of standing. To be sure, Wolfley had a financial interest at stake, but the more relevant question is whether he had authority to bring a motion for attorney fees when he did under the particular procedural posture of the case.

monetary sums the client has received in the action, but are not limited to the amount actually in the client's possession. *Aiken*, 195 Wn. App. at 16-17.

We held in *Aiken* that RCW 60.40.010 does not empower attorneys to step into their clients' shoes to direct the course of litigation. *Id*. at 17-19. In *Aiken*, a law firm represented Linth in a dispute regarding her interests in a trust. *Id*. at 13. Linth then entered into a settlement agreement by which the trust would be sold and she would receive a portion of the proceeds. *Id.* The law firm filed an attorney's lien on the proceeds. *Id.* Linth was later appointed as trustee, and the firm then withdrew from representation. *Id.* at 13-14. The firm later filed a motion to enforce its lien, arguing a statutory right to remove Linth as a trustee and replace her with someone else to ensure distribution of the proceeds to satisfy the lien. *Id.* at 14. We held the firm was not entitled to take control of the underlying litigation over the trust in order to satisfy its lien. *Id.* at 19-20.

Relying on the statute's legislative history, we concluded that the legislature intended only for this provision to end double taxation of attorney fees, since both clients and attorneys were required under federal law to pay taxes on attorney fees when they received them. *Id.* at 18-19. Therefore, "[t]he right to seek enforcement of an attorney's lien does not equate to the right to control the underlying litigation to satisfy the attorney's interest." *Id.* at 19. We reasoned that to hold otherwise "would lead to an absurd result where attorneys could commandeer their client's litigation to pursue their own financial interest." *Id.* at 20.

2.    Wiley's declaration

Wiley argues that *Aiken* is distinguishable because his declaration established that Wolfley was representing him on the attorney fees motion and ratified Wolfley's statements and actions. Armstrong Marine correctly points out that the trial court permitted Wiley to file

the declaration, even though it was untimely under the Clallam County Local Court Rules, but the court ultimately did not consider it.

Wiley did not challenge on appeal the trial court's refusal to consider his declaration. RAP 5.3(a)(3) provides that a notice of appeal must designate "the decision *or part of decision* which the party wants reviewed."[5] (Emphasis added.) Here, Wiley's amended notice of appeal specified the parts of the trial court's decision that he was appealing, the determination that Wiley was not the prevailing party, and the denial of attorney fees, without mentioning the decision not to consider the declaration. Moreover, in his opening brief, Wiley did not assign error to the trial court's decision not to consider his declaration. RAP 10.3(a)(4); *Becerra v. Expert Janitorial, LLC*, 181 Wn.2d 186, 191 n.4, 332 P.3d 415 (2014) (declining to review the trial court's decision on whether to consider declarations because the party failed to assign error). The trial court's decision not to consider Wiley's declaration was not properly appealed.

Even if we were inclined to ignore the failure to properly appeal the trial court's decision regarding the declaration, the trial court's refusal to consider the declaration was plainly within the trial court's discretion. *See, e.g.*, *O'Neill v. Farmers Ins. Co. of Wash.*, 124 Wn. App. 516, 522, 125 P.3d 134 (2004) (affirming a trial court's decision not to consider late-filed declarations). The declaration was presented to the trial court and opposing counsel for the first time on the morning of the hearing on Wolfley's motion, in violation of Clallam County LCR 77(k)(6), so there was a valid basis for the trial court's refusal.

---

[5] We note that Wiley did not attach to his amended notice of appeal the written order of the trial court. "The party filing the notice of appeal should attach to the notice of appeal a copy of the signed order or judgment from which the appeal is made." RAP 5.3(a). Wiley filed the written order at this court's request and included the written order in the clerk's papers without further amending his notice of appeal.

###### 3. Wolfley's claim brought on his own behalf

We must therefore determine whether it was proper for Wolfley to bring a claim for attorney fees on his own behalf. In Wolfley's motion for attorney fees he did not mention Wiley and asserted the basis for the motion was RCW 60.40.010. Armstrong Marine argued in its response that Wolfley could not "step into the shoes of his former client." CP at 28.

These facts are similar to those in *Aiken*. Wolfley brought his motion for attorney fees on his own behalf to satisfy his attorney's lien. Wolfley attempted to control the underlying litigation to satisfy his own interest, which RCW 60.40.010 does not permit him to do. *Aiken*, 195 Wn. App. at 19. The statute gives Wolfley the right to enforce his lien against any proceeds of the litigation received by Wiley, but it does not allow him to take control of the litigation in order to generate those proceeds. Thus, under *Aiken*, it was improper for Wolfley to assume Wiley's place to move for attorney fees when Wolfley had withdrawn from Wiley's case.

Wiley argues *Aiken* is distinguishable because there the litigation was ongoing, whereas here the case had been dismissed.[6] He reasons that Wolfley's right to enforce his lien materialized at the time of dismissal and it was proper for Wolfley to move on his own to seek attorney fees at that time. But again, the question is not whether Wolfley's lien would attach to an award of attorney fees under RCW 60.40.010—it likely would. The question is whether RCW 60.40.010 gave Wolfley the right to pursue those fees in the first place where he no longer

---

[6] Wiley also makes the conclusory argument that this issue is moot, without explanation or citation to authority. Presumably, he is referring to the fact that he filed a declaration ratifying Wolfley's motion as his own. But as discussed above, the trial court properly declined to consider this declaration, so it was not effective in resolving the case. We therefore reject Wiley's mootness claim.

represented Wiley and Wiley was not pursuing those fees himself. Under *Aiken*, the statute does not create such a right of action. 195 Wn. App. at 20.

Because we agree with the trial court that Wolfley was not authorized to move for attorney fees on his own behalf, we need not address the remaining issues. Wiley requests attorney fees on appeal under RAP 18.1 and the parties' contract. Because Wiley is not the prevailing party on appeal, we reject this request.

## CONCLUSION

We affirm. Wolfley's underlying motion for attorney fees was improper and the trial court did not err in denying it. Wolfley did not have authority to take control of his former client's litigation and Wiley failed to properly appeal or assign error to the trial court's decision not to consider Wiley's declaration.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Glasgow, J.

We concur:

Sutton, A.C.J.

Cruser, J.