[No. 32786-4-II.   Division Two.   August 8, 2006.]

*In the Matter of the Trustee's Sale of the Real Property of* JACK WHITMIRE ET AL.

DENNIS G. OTT, P.S., *Appellant,* v. THE ESTATE OF DEBBIE E. WHITMIRE, *Respondent.*

*Dennis G. Ott*, pro se.

*Michael A. Claxton* (of *Walstead Mertsching, P.S.*), for respondent.

¶1 HUNT, J. — Attorney Dennis Ott appeals a superior court order denying his request for disbursement of surplus funds from a nonjudicial foreclosure sale of the former family home, previously awarded to the former husband of his deceased client, Debbie E. Whitmire, to satisfy Ott's judgment against Whitmire for nonpayment of her dissolution-action attorney fees. Ott argues that (1) the foreclosure court erred in ordering transfer of the surplus funds to Whitmire's estate, thereby subjecting his claim to probate, and (2) because his attorney lien, reduced to judgment, had priority under RCW 61.24.080 and RCW 60.40.010. Whitmire's estate counters that because Ott failed to move for disbursal of the surplus funds and failed to levy against them before Whitmire died, the funds automatically passed to her estate upon her death. We affirm.

## FACTS

### I. Four Separate, But Related, Actions

¶2 Dennis Ott represented Debbie Whitmire in a dissolution proceeding,[1] in which the trial court awarded Whitmire's former husband the family home. The trial court also ordered Whitmire's former husband to continue paying the home's mortgage and to refinance the home so he could satisfy the $50,730.34 judgment the court awarded Whitmire. When Whitmire failed to pay Ott's attorney fees for his dissolution representation, Ott filed an attorney lien under the dissolution cause number.

¶3 Ott filed a separate action under a different cause number,[2] in which he obtained a default judgment against Whitmire for $21,653.26 in attorney fees she owed for his dissolution representation.

¶4 Whitmire's former husband failed to refinance the house, let the mortgage payments lapse, and failed to pay the $50,730.34 judgment he owed Whitmire. The mortgage holder foreclosed, and the trustee sold the property in a nonjudicial foreclosure sale that resulted in a surplus[3] of $59,286.79. The trustee deposited the surplus with the superior court under a third cause number assigned to the foreclosure proceeding.[4]

¶5 About a month later, Whitmire died in a motorcycle accident. The superior court appointed Glenn A. Donald as the personal representative of her estate, which was assigned a fourth cause number.[5]

---

[1] *In re Marriage of Whitmire*, No. 01-3-00320-2 (Cowlitz County Super. Ct., Wash. Sept. 13, 2002).

[2] *Ott v. Whitmire*, No. 03-2-02461-0 (Cowlitz County Super. Court, Wash. Dec. 29, 2003).

[3] The surplus is the amount of proceeds left over from the sale after the trustee pays the amount owed to the deed of trust holder, the applicable fees, and costs.

[4] *In re Trustee's Sale of Real Prop. of Whitmire*, No. 04-2-01456-6 (Cowlitz County Super. Ct., Wash. Jan. 14, 2005).

[5] *In re Estate of Whitmire*, No. 04-4-00202-6 (Cowlitz County Super. Ct., Wash. May 30, 2006).

II. FORECLOSURE ACTION

¶6 Ott moved for disbursal of $23,602.03 in the foreclosure action to satisfy Whitmire's unpaid dissolution attorney fees, plus interest. Whitmire's estate objected to Ott's request for disbursement, arguing that the surplus funds were part of Whitmire's estate and, therefore, subject to probate.

¶7 The foreclosure court ordered:

> The surplus proceeds of the sale are an asset of the estate of Debbie Whitmire. The clerk shall forward the surplus to the administrator of the estate. However, the estate may not distribute the amount in controversy [without] further order of the court. This order is intended to allow an appeal before the funds are distributed.

Order of November 19, 2004, Clerk's Papers (CP) at 31. The foreclosure court subsequently amended this order, stating:

> The order of [November 19, 2004] is amended to: "The clerk of the court shall transfer the surplus funds to the estate in cause # 04-4-00202-6.["]

CP at 32.

¶8 Ott appeals.

ANALYSIS

¶9 Ott argues that the foreclosure court erred in transferring the surplus funds to Whitmire's estate because he was entitled to the funds by virtue of his attorney lien under RCW 60.40.010, which was reduced to judgment under RCW 4.56.190, thereby giving him priority to the surplus funds under RCW 61.24.080. We disagree.

¶10 It is undisputed that Ott had a valid attorney lien, which he properly reduced to judgment, against funds awarded to Whitmire in the dissolution action. Additionally, neither party disputes that Whitmire's estate has an interest in the surplus funds. Rather, they dispute whether Ott, as Whitmire's attorney-fee lien/judgment creditor, is en-

titled to a portion of these surplus funds without administration by Whitmire's probate estate.

### I. Secured Interests in Foreclosed Property

### A. RCW 61.24.080

¶11 Ott argues that under RCW 61.24.080, his attorney fee lien/judgment had priority over Whitmire's estate to the surplus foreclosure funds. But RCW 61.24.080 does not apply under these circumstances.

¶12 RCW 61.24.080[6] applies to distribution of surplus funds to valid lienholders who hold an interest in foreclosed property. It establishes the trustee's duties for disbursing funds following a foreclosure sale. The funds first satisfy the expenses of the sale. RCW 61.24.080(1). They next satisfy the "the obligation secured by the deed of trust," which here was the mortgage on real property, the former family home. RCW 61.24.080(2). RCW 61.24.080(3) directs the trustee to give notice of any remaining surplus funds to parties with potential interests in the funds. All remaining interested parties keep the same order of priority if the foreclosure sale eliminates their respective interests or liens.

¶13 The dissolution court had previously awarded Whitmire a judgment of $50,730.34 against her former husband, to whom it had awarded the family home. The dissolution court also directed Whitmire's former husband to refinance the home to satisfy her judgment against him. As a result, under RCW 4.56.190 and RCW 26.09.160(5), Whitmire had a valid judgment lien against her former husband's real property (the family home). When Ott filed an attorney lien and obtained a judgment for attorney fees against Whitmire, he did not thereby obtain an interest in

---

[6] RCW 61.24.080(3) provides:

Interests in, or liens or claims of liens against the property eliminated by sale under this section shall attach to the surplus in the order of priority that it had attached to the property. . . .

the family home; rather, he obtained an interest only in the money Whitmire was supposed to receive from her former husband's refinancing of the home. In other words, Ott had an interest in Whitmire's personal property only. Because Ott had no valid interest in the former family home, the foreclosed real property, RCW 61.24.080 does not apply.

## B. RCW 60.40.010

■ ■ ¶14 Nor did Ott's attorney fee lien/judgment entitle him to the foreclosure-sale surplus funds under RCW 60.40.010(1)(c). "An attorney has a lien for his compensation . . . [u]pon money in the hands of the adverse party *in an action or proceeding, in which the attorney was employed,* from the time of giving notice of the lien to that party." RCW 60.40.010(1)(c) (emphasis added). Under the plain language of this subsection, Ott's attorney fee lien/judgment entitled him to funds held by Whitmire's former husband, which were meant to pay Whitmire's judgment against him.

¶15 But RCW 60.40.010(1)(c) does not entitle Ott to funds derived from the foreclosure action, in which he did not represent Whitmire. Moreover, the foreclosure-sale surplus funds were not yet in the hands of "the adverse party," namely Whitmire's former husband. Thus, Ott could not reach them under this statute.

## II. PROBATE PROCEEDINGS

■ ¶16 In order for Ott's judgment against Whitmire to attach to her personal property under RCW 4.56.190, Ott had to levy against the foreclosure-sale surplus funds before Whitmire's untimely death. At oral argument, Whitmire's estate conceded that it would not have contested Ott's motion for disbursement of the surplus funds had Ott filed such a levy before Whitmire died. But Ott did not levy against the surplus funds while Whitmire was alive. Thus, RCW 4.56.190 does not apply.

¶17 If a judgment debtor dies, the probate statutes generally apply to the exclusion of all other statutes. *See Morrison v. Hulbert*, 44 Wn.2d 171, 173, 266 P.2d 338 (1954). Neither the judgment lien statute, RCW 4.56.190, nor the attorney lien statute, RCW 60.40.010, specifically exclude attorney liens from probate. Unless specific property has already been executed or levied upon, a person who obtains a judgment against the decedent is subject to probate procedures. RCW 11.40.130.

¶18 Ott did not obtain a writ of execution for the foreclosure-sale surplus funds before Whitmire's death or before the trustee deposited the surplus funds with the court after her death. Rather, at the time of Whitmire's death, Ott had only an unperfected judgment against Whitmire, requiring it to be addressed as part of the general probate of her estate. *See* RCW 11.40.130; *see also* RCW 11.76.110.[7]

¶19 Ott asserts that probate statutes do not generally change or reprioritize a creditor's interest in specific property.[8] In this, he is correct. But the correctness of this assertion does not mean that he is entitled to the foreclosure-sale surplus funds in the foreclosure action, bypassing

---

[7] Under Title 11 RCW, a person must present his claim against the decedent according to the procedures set forth under the probate statutes; otherwise, the claimant may be barred from collecting from the estate. RCW 11.40.010, .051.

[8] Probate does not substantially change a party's interest in secured property. *See* RCW 11.40.135; *see also* RCW 11.76.110. In addition, RCW 11.54.060, **"Priority of awarded property—Effect of purchase or encumbrance on property,"** provides:

(1) The award has priority over all other claims made in the estate. In determining which assets must be made available to satisfy the award, the claimant is to be treated as a general creditor of the estate, and unless otherwise ordered by the court the assets shall abate in satisfaction of the award in accordance with chapter 11.10 RCW.

(2) If the property awarded is being purchased on contract or is *subject to any encumbrance,* for purposes of the award the property must be valued net of the balance due on the contract and the amount of the encumbrance. The property awarded will continue to be subject to any such contract or encumbrance, and any award in excess of the basic award under RCW 11.54.010, whether of community property or the decedent's separate property, is not immune from any lien for costs of medical expenses recoverable under RCW 43.20B.080.

(Emphasis added.)

Whitmire's estate's probate action.[9] Ott fails to provide any statute, case law, or other authority to support his position that either RCW 60.40.010 or RCW 61.24.080 remove his attorney-fee-judgment claim from probate proceedings. Therefore, his argument fails.

¶20 Accordingly, we hold that the trial court (1) properly determined that a portion of the surplus funds from the foreclosure sale of Whitmire's former husband's real property were an asset of Whitmire's estate and (2) therefore did not err in transferring those funds to Whitmire's estate's cause number for their proper administration through probate.

¶21 Affirmed.

VAN DEREN, A.C.J., and BRIDGEWATER, J., concur.

---

[9] Although the priority of claims against Whitmire's estate's assets is not before us, we note that those assets remain encumbered by Ott's judgment. RCW 11.76.110(6). Upon the owner's death, title to personal property vests in the administrator of the decedent's estate for the payment of " 'expenses, debts, legacies and for distribution of the residue.' " *City of Bellevue v. Cashier's Check for $51,000 & $1,130 in U.S. Currency*, 70 Wn. App. 697, 702, 855 P.2d 330 (1993) (quoting *Devereaux v. Anderson*, 146 Wash. 657, 658, 264 P. 422 (1928)), *review denied*, 123 Wn.2d 1008 (1994). Thus, the assets of Whitmire's estate will be distributed first to Whitmire's creditors, including Ott, and then to her beneficiaries. *Jones v. Int'l Land Corp.*, 51 Wn. App. 737, 743, 755 P.2d 184 (1988); *Mahalko v. Arctic Trading Co.*, 29 Wn. App. 411, 414, 628 P.2d 859 (1981), *reversed on other grounds*, 99 Wn.2d 30, 659 P.2d 502 (1983) (Priority among creditors is determined in order of time—first in time being first in right.).