[No. 62522-5-I.   Division One.   June 8, 2009.]

*In the Matter of the Marriage of* PETER GLICK, *Appellant,* and IRENE C. GLICK, *Defendant,* CARENA C. MCILWAIN, *Respondent.*

730

*Harvey S. Grad*, for appellant.

*Carena C. McIlwain* (of *Anderson Fields & Kahan*), for respondent.

¶1 AGID, J. — Carena McIlwain claimed an attorney lien on a former client's papers and funds in her possession and on a judgment. At her request, the trial court "foreclosed" the lien and entered a judgment in her favor. But chapter 60.40 RCW did not authorize the trial court to reduce the lien to an independent judgment, and McIlwain has not identified any other lawful basis supporting the trial court's action. Accordingly, we reverse the judgment.

## FACTS

¶2 Attorney Carena McIlwain represented Peter Glick in postdissolution proceedings from August 24, 2006, until she withdrew on December 21, 2006. On June 6, 2007, she filed a "Notice of Claim of Lien Pursuant to [chapter] 60.40 [RCW] et seq." under the dissolution cause number, claiming an attorney lien for services rendered to Glick in the amount of $4,991.79. The notice specified that the lien

> is upon the papers of Peter Glick that have come into the possession of [McIlwain] in the course of . . . professional employment, upon any money in possession of [McIlwain] . . . and upon a judgment to the extent of the value of any services performed . . . in the action.

¶3 Approximately one year later, on July 8, 2008, McIlwain filed a "Motion for Summary Adjudication of Attorney's Fee Lien and Payment of Fees Owing," again under the dissolution cause number. The motion requested "a summary adjudication of the lien as provided by RCW 60.40.030" and entry of a judgment "in foreclosure of the lien for attorney's fees" against Glick for $6,663, which included the amount for services rendered and the costs of collection. McIlwain noted the motion for hearing on July 21, 2008, and mailed notice to Glick.

¶4 On July 16, 2008, Glick filed a request for continuance of the hearing, alleging that he needed more time to prepare the evidence necessary to dispute the amount owed to McIlwain. McIlwain asked the court to strike Glick's

response as untimely. On July 21, 2008, the trial court entered a judgment of $6,663 in favor of McIlwain. The court denied Glick's motion for a continuance because he had failed to note an objection to the lien at the time it was filed.

¶5 On July 31, 2008, Glick moved for reconsideration under CR 59 and for vacation of the judgment under CR 60(b)(5) and (11). Glick alleged that the trial court lacked authority to reduce McIlwain's lien to a judgment because the lien had not attached to any property in McIlwain's possession. Glick also disputed the amount of fees owed to McIlwain. McIlwain maintained that the trial court had properly reduced the lien to judgment under chapter 60.40 RCW.

¶6 The trial court denied the motion for reconsideration on September 19, 2008, and Glick appeals.

## DECISION

¶7 Glick contends, among other things, that the trial court lacked authority to enter judgment on McIlwain's lien. Because nothing in chapter 60.40 RCW authorized the trial court to enter the judgment in the guise of foreclosing McIlwain's lien, we agree.[1]

¶8 Under chapter 60.40 RCW, Washington's attorney lien statute, an attorney has a lien for compensation upon the client's papers and money that have come into the attorney's possession.[2] Our Supreme Court has noted that these provisions are based on the common law retaining lien. Because such liens are possessory and passive, they are generally not enforceable by foreclosure and sale.[3]

¶9 But chapter 60.40 RCW also goes beyond the common law, recognizing a special or charging lien upon a judgment

---

[1] Because we are reversing the judgment, we do not address Glick's other challenges to the judgment.

[2] See RCW 60.40.010(1)(a), (b).

[3] Ross v. Scannell, 97 Wn.2d 598, 604, 647 P.2d 1004 (1982).

entered in the action in which the attorney performed services.[4] Such liens may, under certain circumstances, "be adjudicated and enforced."[5] The summary adjudication procedures set forth in RCW 60.40.030, however, are limited to liens that are asserted against money or papers of the client and do not apply to attorney liens on judgments.[6]

¶10 McIlwain's attorney lien notice alleged that it was based in part on Glick's papers and money in her possession. As already indicated, these liens are passive and generally not enforceable unless the client seeks the return of property in the attorney's possession.[7] In any event, McIlwain never identified any of Glick's money remaining in her possession. Similarly, although McIlwain also claimed a lien " '[u]pon a judgment,' " she never identified any judgment to which an attorney lien could lawfully attach.

¶11 McIlwain's sole statutory argument in support of the trial court's action is that

> RCW 60.40.010(1)(e) states, in part, that an attorney may be granted a lien over papers, etc. she holds on behalf of the client in order to secure her compensation "[u]pon a judgment to the extent of the value of any services performed by the attorney in the action." RCW 60.40.010(1)(e). It is under this section of the law that an attorney's lien was properly sought and granted against Appellant Glick, for compensation for services rendered.

But these contentions rest on a fundamental mischaracterization of the statutory provision.

¶12 RCW 60.40.010(1) provides:

> An attorney has a lien for his or her compensation . . .
>
> . . . .

---

[4] RCW 60.40.010(1)(e).

[5] *Ross*, 97 Wn.2d at 604.

[6] *King County v. Seawest Inv. Assocs.*, 141 Wn. App. 304, 313, 170 P.3d 53 (2007), *review denied*, 163 Wn.2d 1054 (2008).

[7] *See id.*

(e) Upon a judgment to the extent of the value of any services performed by the attorney in the action, or if the services were rendered under a special agreement, for the sum due under such agreement, from the time of filing notice of such lien or claim with the clerk of the court in which such judgment is entered . . . .

This provision merely identifies the attorney lien that is created against a judgment and specifies the required notice. By its clear terms, RCW 60.40.010(1)(e) limits the lien to fees earned for services that the attorney performed in the action in which the judgment is entered.[8] The lien must attach to a judgment; if the attorney is unsuccessful in obtaining a judgment, no lien arises under this provision.[9] McIlwain has not alleged the existence of any judgment in the underlying dissolution proceeding to which her lien could attach.

¶13 Contrary to McIlwain's contention, nothing in RCW 60.40.010(1)(e) authorizes the trial court to "foreclose" a possessory or retaining lien in a client's papers by entering an independent judgment for attorney fees. McIlwain fails to identify any other statutory provision supporting the trial court's action.

¶14 McIlwain's reliance on *Krein v. Nordstrom*[10] is equally misplaced. In *Krein*, the court upheld the summary procedure for lien adjudication set forth in RCW 60.40.030 against a due process challenge. But the court's analysis was based on a lien that was asserted against funds that the attorney constructively possessed.[11] No comparable property or lien is present here.

¶15 Both McIlwain and Glick have requested an award of attorney fees on appeal. Because neither side has

---

[8] *Ross*, 97 Wn.2d 604 (construing the essentially identical provision in former RCW 60.40.010).

[9] *See Wilson v. Henkle*, 45 Wn. App. 162, 170, 724 P.2d 1069 (1986).

[10] 80 Wn. App. 306, 908 P.2d 889 (1995).

[11] *Id.* at 310.

identified an appropriate basis for such an award, we deny both requests.

¶16 Reversed.

G ROSSE and B ECKER, JJ., concur.

Reconsideration granted in part and attorney fees awarded to appellant September 3, 2009.