FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2017 AUG 14 AM 9: 17

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| In the Matter of the Marriage of: | ) | No. 75266-9-I |
| | ) | |
| NATALYA SHULIKOV, | ) | |
| | ) | DIVISION ONE |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| and | ) | |
| | ) | |
| ALEX SHULIKOV, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| RHEA J. ROLFE, | ) | |
| | ) | |
| Appellant. | ) | FILED: August 14, 2017 |
| | ) | |

APPELWICK, J. — Rolfe appeals the trial court's order invalidating her attorney lien and releasing funds to Shulikov. She contends that RCW 60.40.010(1)(d) permits attorney liens over the "proceeds" of an action, and does not provide an exception for dissolution proceedings. She argues that the trial court erred in awarding attorney fees and imposing sanctions against her. We reverse the court's order, vacate the attorney fees and sanctions, and remand for further proceedings consistent with this opinion.

## FACTS

Natalya Shulikov hired Rhea Rolfe to represent her in a dissolution proceeding. Shulikov signed a written fee agreement to pay Rolfe for services rendered.

In August 2015, Shulikov and her former husband reached an agreement pursuant to CR 2A. They agreed that the husband would pay Shulikov a sum of $7,890 per month. This figure included $1,500 in maintenance and $1,581 in child support. The remainder constituted a monthly payment for the business the couple had jointly owned. Rolfe was to draft final orders according to the CR 2A agreement.

On February 23, 2016, Rolfe filed a notice of intent to withdraw as Shulikov's counsel, effective March 3. And, she filed a notice of attorney's claim of lien under RCW 60.40.010, seeking reasonable compensation for services in the amount of $16,886. On February 25, Rolfe filed a motion to establish judgment for attorney fees pursuant to chapter 2.44 RCW. Rolfe sought a judgment for her fees as a condition of her withdrawal from representing Shulikov in the dissolution. On March 10, the court denied Rolfe's motion to establish judgment for attorney fees under chapter 2.44 RCW.

Aware of the attorney lien, Shulikov's former husband made payments under the property settlement agreement into the court registry, rather than directly to Shulikov. He continued to pay Shulikov directly the sums due for spousal maintenance and child support.

2

Shulikov, having retained new counsel, filed a motion to release the funds in the court registry to her. She claimed that Rolfe could not attach a lien under the attorney lien statute, because she did not have a judgment to which the lien could attach. Shulikov also sought attorney fees and sanctions. In response, Rolfe argued that the court should release the funds in the court registry to her pursuant to her attorney lien.

On April 22, the court granted Shulikov's motion. The court found that because the funds that had been paid into the court registry were part of the property settlement reached by the parties, the funds were not proceeds of an action subject to an attorney lien under RCW 60.40.010. The court ordered the funds in the court registry to be disbursed to Shulikov. The court also awarded attorney fees in the amount of $3,500 against Rolfe. And, the court imposed sanctions against Rolfe in the amount of $500 for filing the lien under these circumstances. Rolfe appealed the order granting Shulikov's motion to release funds and awarding fees and sanctions.

On August 5, the court entered the decree of dissolution. The decree incorporated by reference the CR 2A agreement that the parties had previously executed.

DISCUSSION

Rolfe asserts that she had a valid attorney lien on the proceeds of the dissolution, including the monthly payments under the property settlement

3

agreement.[1] She contends that the trial court erred in awarding attorney fees and sanctions against her.

## I. RCW 60.40.010

Rolfe contends that the trial court erroneously interpreted RCW 60.40.010 in deciding to disburse funds from the court registry to Shulikov. Shulikov responds that the trial court properly concluded that the property distribution was not subject to an attorney lien, because the property distribution did not constitute "proceeds" within the meaning of RCW 60.40.010(1)(d).

The meaning of RCW 60.40.010 is a question of law that this court reviews de novo. Aiken, St. Louis & Siljeg, P.S. v. Linth, 195 Wn. App. 10, 15, 380 P.3d 565 (2016). Our fundamental objective in interpreting a statute is to ascertain and carry out the legislature's intent. Smith v. Moran, Windes & Wong, PLLC, 145 Wn. App. 459, 463, 187 P.3d 275 (2008). Where the meaning of a statute is plain on its face, we give effect to the plain meaning. Id. If a statute is ambiguous, we look to outside sources, such as legislative history, to determine legislative intent. Id. at 463-64. We will not interpret a statute in such a way as to render any portion

---

[1] As a preliminary matter, Shulikov argues that this is an improper interlocutory appeal. We disagree. RAP 2.2(a)(3) provides that a party may appeal from "[a]ny written decision affecting a substantial right in a civil case that in effect determines the action and prevents a final judgment or discontinues the action." This court has previously held that an order setting aside an attorney lien was appealable under RAP 2.2(a)(3), because it affected the attorney's substantial right to monetary relief and it determined the action as to the attorney lien. Ferguson Firm, PLLC v. Teller & Assocs., PLLC, 178 Wn. App. 622, 628-30, 316 P.3d 509 (2013). The same is true here. Therefore, the order disbursing funds to Shulikov is appealable under RAP 2.2(a)(3).

meaningless or that results in strained meanings or absurd consequences. Id. at 464.

An attorney may sue his or her client for unpaid fees. Ferguson Firm, PLLC v. Teller & Assocs., PLLC, 178 Wn. App. 622, 631, 316 P.3d 509 (2013). Or, an attorney may assert a lien to ensure payment without having to sue the client. Id. The attorney lien statute, RCW 60.40.010, provides in part,

(1) An attorney has a lien for his or her compensation, whether specially agreed upon or implied, as hereinafter provided:

(a) Upon the papers of the client, which have come into the attorney's possession in the course of his or her professional employment;

(b) Upon money in the attorney's hands belonging to the client;

(c) Upon money in the hands of the adverse party in an action or proceeding, in which the attorney was employed, from the time of giving notice of the lien to that party;

(d) Upon an action, including one pursued by arbitration or mediation, and its proceeds after the commencement thereof to the extent of the value of any services performed by the attorney in the action, or if the services were rendered under a special agreement, for the sum due under such agreement; and

(e) Upon a judgment to the extent of the value of any services performed by the attorney in the action, or if the services were rendered under a special agreement, for the sum due under such agreement, from the time of filing notice of such lien or claim with the clerk of the court in which such judgment is entered, which notice must be filed with the papers in the action in which such judgment was rendered, and an entry made in the execution docket, showing name of claimant, amount claimed and date of filing notice.

The statute defines proceeds as, "any monetary sum received in the action." RCW 60.40.010(5).

The first two sections of the statute, RCW 60.40.010(1)(a) and (b), pertain to possessory attorney liens. These liens apply to the client's papers or money in the attorney's hands. RCW 60.40.010(a), (b). The Court of Appeals has recognized that due to the possessory and passive nature of these liens, they are generally not enforceable by foreclosure and sale. In re Marriage of Glick, 154 Wn. App. 729, 732, 230 P.3d 167 (2009). But, RCW 60.40.030 creates summary adjudication procedures for liens that are asserted against the client's money or papers. Id. at 733.

The other three sections pertain to charging liens. RCW 60.40.010(1)(c)-(e); Ross v. Scannell, 97 Wn.2d 598, 604, 647 P.2d 1004 (1982). Charging liens have the capacity to be adjudicated or enforced. Id. The summary adjudication procedures outlined in RCW 60.40.030 do not apply when an attorney claims a lien on something other than the money or papers of the client. King County v. Seawest Inv. Assocs., LLC, 141 Wn. App. 304, 311, 170 P.3d 53 (2007). In Seawest, the court acknowledged that the statute does not set out a procedure for enforcing charging liens. Id. at 315. But, it concluded that trial courts are authorized to fashion appropriate proceedings to adjudicate this type of attorney lien. Id. Such an action need not be separate from the underlying proceeding. Id.

Rolfe's claim of attorney lien did not specify under which provision of RCW 60.40.010 she claimed a lien. Her notice stated only,

> NOTICE IS HEREBY GIVEN that the undersigned attorney claims an attorney's lien pursuant to RCW 60.40.010 for her services rendered to Petitioner, Natalya Shulikov, with interest from the date

of filing this claim of lien. Said lien is for reasonable compensation
for attorney services rendered to date in the amount of $16,886.

After Shulikov moved to release funds from the court registry, Rolfe clarified the basis for her attorney lien. She asserted that her lien attached to the "proceeds" of the property settlement agreement. And, she contended that the lien applied to money in the hands of Shulikov's former husband, the "adverse party" in the dissolution action. Thus, we interpret Rolfe's claim of attorney lien as based on RCW 60.40.010(1)(c) and (d).

The trial court appears to have based its ruling on RCW 60.40.010(1)(d). It concluded,

> This is a family law action for legal separation or dissolution of a marriage. The funds paid into the registry of the court by respondent husband are part of the property settlement/CR 2A agreement reached by the parties in this family law action. These property settlement funds are not proceeds of an action subject to an attorney's prejudgment lien under RCW 60.40.010 and should be disbursed by the clerk of the court to petitioner wife, Natalya Shulikov, forthwith.

(Emphasis added.)

Thus, this case involves which funds an attorney lien may be asserted against. The statute and case law provide for two types of funds that clearly cannot be the basis for an attorney lien. First, an attorney lien may not be asserted against child support. RCW 60.40.010(6); see also Fuqua v. Fuqua, 88 Wn.2d 100, 107, 558 P.2d 801 (1977). Second, an attorney lien cannot be asserted against the client's real property. Ross, 97 Wn.2d at 605.

Washington courts have not squarely addressed whether an attorney lien can attach to a property settlement agreement in a dissolution case. However,

several cases have assumed that funds awarded in a dissolution action can be the subject of an attorney lien. In Glick, the attorney lien was based on the client's money in the attorney's possession and on a judgment. 154 Wn. App. at 733. This lien was unsuccessful, because the attorney had failed to identify any of the client's money in the attorney's possession, or a judgment to which the lien could attach. Id. at 733-34. The court noted that the attorney "has not alleged the existence of any judgment in the underlying dissolution proceeding to which her lien could attach." Id. at 734. This language suggests that it was the lack of a judgment that invalidated the attorney lien, not the fact that the underlying matter was a dissolution proceeding.

In In re Trustee's Sale of Real Property of Whitmire, 134 Wn. App. 440, 444, 140 P.3d 618 (2006), the attorney represented the wife in a dissolution action. The trial court awarded the wife a judgment. Id. To pay this judgment, the husband was ordered to refinance the family home and pay the mortgage on the home. Id. The attorney filed an attorney lien after the wife failed to pay for his services. Id. The attorney also filed a separate lawsuit against the wife, and obtained a judgment against her for his attorney fees. Id. The husband failed to refinance the home or pay the judgment he owed to the wife. Id. As a result, the mortgage holder foreclosed, and the home was sold at a foreclosure sale, with a surplus of $59,287. Id. Then, the wife died. Id. The attorney sought to disburse some of the surplus funds from the foreclosure sale to satisfy the wife's unpaid attorney fees. Id. at 445.

On appeal, the court noted, "It is undisputed that [the attorney] had a valid attorney lien, which he properly reduced to judgment, against funds awarded to [the wife] in the dissolution action." Id. But, because the attorney did not levy against the foreclosure sale surplus funds before the wife died, the attorney's judgment against the wife was subject to probate procedures. Id. at 448-49. Thus, it was the posture of the proceedings, not the fact that the judgment was in a dissolution, that prevented the attorney from reaching the funds.

In other contexts, Washington courts have shed light on what can be considered the "proceeds" of an action. In Ferguson, the Court of Appeals noted that the plain language of the statute establishes that any monetary sum received in the action constitutes "proceeds." 178 Wn. App. at 632. There, Ferguson received a monetary sum in the action that the attorney had represented her in: she recovered 50 percent of a $530,107 contingent fee in an underlying matter. Id. Because Ferguson had received a monetary sum, she had received "proceeds" to which the attorney's claim of lien could attach. Id.

And, in Smith, Smith and Guarino sued Nelson and obtained a substantial judgment against him. 145 Wn. App. at 462. Nelson then hired Moran to represent him in a legal malpractice suit against the firm that had represented him in the previous case. Id. At a sheriff's sale, Smith and Guarino purchased Nelson's interest in the legal malpractice action. Id. Moran withdrew as counsel. Id. at 463. Smith and Guarino settled the legal malpractice case. Id. Then, Moran asserted

an attorney lien against the settlement proceeds. Id. The trial court granted Smith and Guarino's motion to invalidate the lien. Id.

The Court of Appeals reversed and remanded for the trial court to determine the amount of the attorney lien. Id. at 472. The court relied on the plain language of the statute in reaching this result. Id. at 466. Under the plain language of the statute, an attorney lien arises upon operation of law on an action and its proceeds after the action is commenced. Id. Thus, Moran had a valid attorney lien that arose when the legal malpractice action was commenced and which attached to any proceeds of the action, including settlement proceeds. Id.

Even so, Shulikov argues that an attorney lien cannot be adjudicated without a valid judgment. She relies on Glick to support this contention. But, Glick does not speak to an attorney lien under RCW 60.40.010(1)(d). As discussed above, the attorney lien in that case was based on the client's money in the attorney's possession and on a judgment. Glick, 154 Wn. App. at 733. This lien was unsuccessful, because no money was in the attorney's possession and the attorney did not identify a judgment to which the lien could attach. Id. at 733-34. RCW 60.40.010(1)(e) is clearly limited to an attorney lien for fees earned in the case in which a judgment is entered, so the attorney could not attach a lien under this section without a judgment. Id. at 734.

Unlike an attorney lien pursuant to RCW 60.40.010(1)(e), an attorney need not succeed in obtaining a judgment in favor of the client for an attorney lien to attach under RCW 60.40.010(1)(d). See Smith, 145 Wn. App. at 466. Otherwise,

the attorney in <u>Smith</u> would not have had a valid attorney lien, because the action resulted in a settlement, rather than a judgment. <u>Id.</u> at 463, 466.

Here, the plain language of the statute suggests that Rolfe had a valid attorney lien in the proceeds of the action, which arose when the proceeding commenced. The statute has no exception for dissolution actions. Washington courts have not created an exception to the attorney lien statute for property distributions in a dissolution proceeding. Instead, courts have followed the very narrowly limited statutory exception for child support payments. <u>Cf.</u> <u>Fuqua</u>, 88 Wn.2d at 108-09 (noting that while cases from other jurisdictions have invalidated attorney liens asserted against both child support and spousal maintenance, the court's decision was limited to child support). Nor has the legislature enacted an exception to RCW 60.40.010, despite Washington court decisions assuming that an attorney lien can attach in dissolution proceedings. And, practitioners appear to use attorney liens in family law cases.[2]

Even so, Shulikov argues that these property distributions do not constitute proceeds, because the property already belonged to her. She contends that ownership of the property was not at issue, since the business was community

---

[2] The Washington Practice Series and the Family Law Deskbook do not discuss attorney liens in dissolution actions at any length. However, both suggest that practitioners may pursue a statutory attorney lien in family law cases. See 19 SCOTT J. HORENSTEIN, WASHINGTON PRACTICE: FAMILY & COMMUNITY PROPERTY LAW § 1:6, at 8 (2d ed. 2015) ("The attorney may file a statutory attorney's fee lien and is not required to obtain a judgment against the client before enforcing the lien. However, the attorney should take care to follow the terms of the lien statute."); WASH. STATE BAR ASS'N, WASHINGTON FAMILY LAW DESKBOOK § 3.4, at 3-13 (2d ed. 2000) (directing practitioners to resources "[i]f you use or are considering using attorney liens to secure payment of your fees").

property. Shulikov does not cite any case law for this distinction between funds already owned and funds being received. Nor is this distinction persuasive in light of the Court of Appeals' decision in Ferguson.

In Ferguson, the underlying matter was a fee dispute between two attorneys: Ferguson and Teller. 178 Wn. App. at 626. Ferguson and Teller jointly represented clients in a previous case that ended in settlement. Id. at 625-26. Afterward, Ferguson and Teller disagreed as to how the contingency fee resulting from the case should be divided between them. Id. at 626. Ferguson hired Waid to represent her in the fee dispute. Id. She sought 90 percent of the contingency fee, but the trial court divided the funds equally. Id. It was this 50 percent of the contingency fee that served as the "proceeds" to which Waid's attorney lien could attach. Id. at 632.

Thus, in Ferguson, the proceeds already belonged to Ferguson at the outset of the case. The trial court merely divided the contingency fee between the two attorneys. The property distribution here is similar. Shulikov and her former husband jointly owned the business while they were married. Under the property settlement agreement, they decided how to divide this property upon the dissolution of their marriage. Like in Ferguson, the payments on the property distribution constitute proceeds, because they are monetary sums received in the action.

Shulikov next contends that the Rules of Professional Conduct should prevent an attorney from claiming an attorney lien on a property distribution in a

No. 75266-9-I/13

dissolution. She argues that since RPC 1.8 prohibits an attorney from taking an interest in a client's preexisting property, an attorney should be similarly barred from attaching an attorney lien on a client's property distribution.

RPC 1.8 pertains to conflicts of interest. It lists prohibited conduct, such as entering into business with a client, obtaining an interest adverse to a client, and soliciting gifts from a client. RPC 1.8(a), (c). But, RPC 1.8(i) specifically provides,

> A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may:
>
>     (1) acquire a lien authorized by law to secure the lawyer's fee or expenses.

Thus, contrary to Shulikov's argument, RPC 1.8 envisions instances in which an attorney may obtain an interest in a client's case, including a lawful attorney lien.

Shulikov also asserts that RPC 1.5(d)(1) makes an attorney lien on a property distribution unethical. She contends that the same principles that prevent an attorney from taking a dissolution on a contingency fee basis should prevent an attorney from asserting an attorney lien over the proceeds of a dissolution.

RPC 1.5(d)(1) provides,

> (d) A lawyer shall not enter into an arrangement for, charge, or collect:
>
>     (1) any fee in a domestic relations matter, the payment or amount of which is contingent upon the securing of a dissolution or annulment of marriage or upon the amount of maintenance or support, or property settlement in lieu thereof.

Contingency fee agreements are contrary to public policy in these situations, because they could deter the parties from reconciling. In re Proceedings for the

13

Discipline of Smith, 42 Wn.2d 188, 196, 254 P.2d 464 (1953). The drafters of RPC 1.5(d)(1) feared that once an attorney has invested his or her time in a contingent fee matter, the attorney's interests could be opposed to the client's interest in seeking reconciliation. 19 SCOTT J. HORENSTEIN, WASHINGTON PRACTICE: FAMILY & COMMUNITY PROPERTY LAW § 1:6, at 5-6 (2d ed. 2015). But, in postdissolution proceedings, the same policy concerns do not apply, so attorneys may enter into contingency fee agreements. RPC 1.5 cmt.

These public policy concerns are not at play in an attorney lien on the property distribution. Unlike a contingency fee agreement that is agreed upon when the attorney agrees to take the case, an attorney lien is an alternative to suing one's client after the client fails to pay. Ferguson, 178 Wn. App. at 631. The attorney and the client have a similar interest in maximizing the client's recovery. The statutory right to assert the attorney lien exists by the fact of the contract for services and the performance of the services. It is the dispute over the fees owed for services that may put an attorney and client into conflict, not a question of whether to settle or how to approach the case.

Neither the plain language of the statute nor the case law indicates that an attorney lien cannot attach to proceeds from a property division in a dissolution action. Rolfe was entitled to a lien for her services. That lien attached to the proceeds of the action in the hands of the adverse party and remained when those funds were paid into the court registry. Therefore, we reverse the trial court's

14

decision invalidating Rolfe's attorney lien. We remand to the trial court for an evidentiary hearing on the amount of the attorney fees due under the lien.

## II. Attorney Fees and Sanctions

Rolfe argues that the trial court erred in awarding attorney fees and sanctions against her. She points to the fact that the trial court did not include a factual or legal basis for the attorney fees or sanctions.

A trial court may grant attorney fees only if the request is based on a statute, contract, or recognized ground in equity. Gander v. Yeager, 167 Wn. App. 638, 645, 282 P.3d 1100 (2012). This court reviews de novo whether a statutory, contractual, or equitable basis exists for an award of attorney fees. In re Marriage of Wixom, 190 Wn. App. 719, 724, 360 P.3d 960 (2015), review denied, 185 Wn.2d 1028 (2016). We review discretionary decisions to award or deny attorney fees, and the reasonableness of the award, for an abuse of discretion. Gander, 167 Wn. App. at 647.

Intransigence may be a proper basis for an award of attorney fees in a dissolution. Wixom, 190 Wn. App. at 725. Determining intransigence is a factual question, but can involve "foot-dragging, obstructing, filing unnecessary or frivolous motions, refusing to cooperate with the opposing party, noncompliance with discovery requests, and any other conduct that makes the proceeding unduly difficult or costly." Id.

In her motion to disburse funds, Shulikov requested attorney fees against Rolfe for having to respond to Rolfe's chapter 2.44 RCW motion and for having to

bring the motion to disburse funds. Shulikov contended that Rolfe's position was frivolous, because the trial court had already denied Rolfe's motion for judgment. Consequently, Shulikov asked that attorney fees be awarded for Rolfe's intransigence.

The trial court granted attorney fees in the amount of $3,500. It did not state a basis for attorney fees, providing only, "As a result of the lien filed, the petitioner incurred reasonable attorney's fees in order to obtain her agreed upon share of the couple's community property." The trial court also awarded $500 in sanctions against Rolfe for "filing the lien under the circumstances herein."

The trial court did not apportion attorney fees between the chapter 2.44 RCW motion and the motion to disburse funds. Nor is the allocation of attorney fees apparent from the amount of fees awarded. The dollar amount of attorney fees awarded does not align with the fees expended on either the chapter 2.44 RCW motion or the motion to disburse funds. The amount expended was far greater than what the trial court awarded.[3] Nor did the trial court specify whether the sanctions related to the chapter 2.44 RCW motion or the motion to disburse funds.

The requested basis for attorney fees and sanctions was Rolfe's intransigence. We can discern no intransigence in Rolfe's response to Shulikov's

---

[3] Counsel's fee declaration separated the attorney fees incurred representing Shulikov into three separate phases. Phase one related to Rolfe's chapter 2.44 RCW motion and listed fees of $2,985. Phase two related to Shulikov's motion to disburse funds and listed fees of $3,285. Phase three also related to the motion to disburse funds and listed fees of $5,372. Counsel acknowledged that Shulikov had already paid $1,900 in fees.

16

motion to disburse funds. Rolfe had a right to assert an attorney lien over the funds held in the court registry. Because Rolfe has prevailed on this issue, neither attorney fees nor sanctions were appropriate. We vacate the attorney fees and sanctions.

But, Shulikov prevailed on Rolfe's chapter 2.44 RCW motion. The court denied Shulikov's request for fees, but noted that Shulikov could raise the issue again in a later motion. The order on the chapter 2.44 RCW motion has not been appealed. Therefore, the trial court on remand may consider an award of reasonable attorney fees incurred in resisting the chapter 2.44 RCW motion.

III. Sanctions on Appeal

Shulikov argues that we should sanction Rolfe, because her opening brief failed to comply with the Rules of Appellate Procedure (RAPs). Rolfe's opening brief admittedly does not comply with multiple provisions of the RAPs relating to citations, margins, and attorney fee requests.

RAP 18.9(a) provides that the appellate court may order a party or counsel who fails to comply with the RAPs to pay terms or compensatory damages to a party who has been harmed by the failure to comply. Here, Rolfe acknowledges that her opening brief violated multiple RAPs. But, Shulikov has not alleged any harm that she suffered as a result of Rolfe's failure to comply. And, Rolfe's reply brief, unlike the opening brief, provides citations to the record and authority, and contains proper margins. Therefore, we deny Shulikov's request for sanctions.

17

IV.    Appellate Attorney Fees

Rolfe argues, in a single sentence in her opening brief, that she should be awarded her costs and attorney fees for bringing the appeal. RAP 18.1 pertains to appellate attorney fee awards. It requires the party to devote a section of its opening brief to the requests for fees or expenses. RAP 18.1(b). This requirement is mandatory. Stiles v. Kearney, 168 Wn. App. 250, 267, 277 P.3d 9 (2012). This rule requires more than a bald request for attorney fees. Id. The party must include argument and citation to authority. Id. Rolfe failed to comply with this rule. Therefore, her request for attorney fees on appeal is denied.

We reverse the trial court's order disbursing funds to Shulikov. Rolfe's attorney lien is reinstated, and the attorney fees and sanctions are vacated. We remand for proceedings consistent with this opinion.

WE CONCUR: