COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 DEC 30 AM 9: 11



# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

THE FERGUSON FIRM, PLLC,

        Respondent,

        vs.

TELLER & ASSOCIATES, PLLC

        Defendant,

        and

BRIAN J. WAID, d/b/a LAW OFFICE
OF BRIAN J. WAID

        Appellant Attorney Lien
        Claimant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

DIVISION ONE

No. 69220-8-I
(Linked with No. 68329-2-I)

PUBLISHED OPINION

FILED: December 30, 2013

DWYER, J. — The Ferguson Firm, PLLC (Ferguson), sued Teller & Associates, PLLC (Teller), over a fee dispute.[1] Brian J. Waid d/b/a Law Office of Brian J. Waid (Waid) represented Ferguson throughout much of the dispute, but eventually withdrew because of a conflict with the firm's principal, Sandra Ferguson. Soon after withdrawing, Waid filed an attorney's lien in the amount of $78,350.85 for legal services provided to Ferguson. Thereafter, Ferguson moved for a summary dismissal of Waid's lien, which the trial court granted. The

---

[1] Sandra Ferguson and Stephen Teller are principals of their eponymous law firms. The firms, not the individuals, were parties to the case in which Waid represented Ferguson. Nevertheless, our opinion will use last names and gendered pronouns when referring to the firms, as well as to the individuals.

court also directed the clerk to disburse to Ferguson the sum of $78,350.85 held in the court registry, together with accrued interest. Waid then filed a notice of appeal from that order and—more than three weeks after the order was entered—filed a motion to stay the disbursement to Ferguson of the funds in the court registry and for approval of a supersedeas bond. The trial court denied Waid's motion, holding that—because the funds had already been disbursed—the motion was moot. Although Waid's motion was moot when the trial court considered it, money remains in the court registry to which Waid's lien could attach.[2] Thus, the issue of the propriety of the trial court's ruling on the validity of Waid's lien is not moot. Because the trial court erroneously ruled that the money in the court registry was not "proceeds" of Ferguson's action against Teller, we reverse the trial court's order invalidating Waid's lien and remand to the trial court for further proceedings.

I

Sandra Ferguson is the principal of The Ferguson Firm, PLLC. Her firm began representing a group of clients in an employment discrimination case (hereinafter underlying matter) in August 2009. The clients agreed to a contingency fee arrangement but were unable to advance litigation costs and so, with their consent, Ferguson approached multiple law firms, seeking a co-counsel willing to advance litigation costs and able to represent the clients in the event that she was suspended from practicing law by the Supreme Court. Stephen Teller's firm, Teller & Associates, PLLC, was one of the firms that

---

[2] This was confirmed by counsel for the parties at oral argument in this court.

Ferguson approached. After negotiating with Ferguson, Teller agreed to jointly represent the clients and to advance all litigation costs. While Teller and Ferguson were jointly representing the clients, Ferguson was, in fact, suspended from practicing law for 90 days and subsequently withdrew from the case. See In re Disciplinary Proceeding Against Ferguson, 170 Wn.2d 916, 246 P.3d 1236 (2011). During the period of Ferguson's suspension, the clients—represented solely by Teller—accepted a settlement offer.

Subsequently, Ferguson and Teller disputed the manner in which the contingent fee resulting from the settlement should be divided, and Ferguson served a notice of lien for attorney fees on Teller. On May 4, 2011, Ferguson hired Waid to represent her in the fee dispute with Teller. The fee agreement between Ferguson and Waid provides that Waid "shall have a lien against any proceeds recovered by, or on behalf of, [Ferguson] in connection with the claims arising out of [the fee dispute with Teller], including pursuant to RCW 60.40.010, et seq." Waid invoiced Ferguson each month for services provided with no objection from Ferguson.

On May 27, 2011, Ferguson, seeking 90 percent of the contingent fee, sued Teller to resolve the fee dispute. Both parties agreed to deposit the full amount of the contingent fee—$530,107.58—into the superior court registry. On January 30, 2012, the superior court granted Teller's motion for summary judgment, dismissing all of Ferguson's claims and ordering that the disputed funds be divided equally between Ferguson and Teller.

On February 9, Teller filed a motion seeking the disbursement of the

- 3 -

funds, which required that Ferguson's response be filed by noon on February 15. However, Ferguson had retained a new attorney to replace Waid and wanted the new attorney to prepare the opposition papers, so long as an additional three weeks was granted to prepare the response. On February 10, Ferguson threatened to bring a legal malpractice claim against Waid. Waid then informed Ferguson that he was required to withdraw from representation. Waid filed a notice of withdrawal, moved for permission to withdraw immediately, and moved to continue the hearing on Teller's motion pursuant to Ferguson's instructions. The court granted Ferguson's request for an additional 30 days and authorized Waid's immediate withdrawal.

On February 14, Waid filed an attorney's lien in the amount of $78,350.85. On February 16, the trial court entered an order of partial disbursement in which it determined that Teller was entitled to receive his 50 percent share, but ordered that $101,000.74 of Ferguson's share would remain in the court registry until further notice because issues relating to the calculation of fees, costs, and interest had not yet been resolved. The trial court also ordered that an additional $78,350.85 would remain in the registry until further court order in order to protect Waid's lien. Lastly, it ordered that the remaining portion of Ferguson's 50 percent share—$85,702.20—be disbursed to her. Ferguson, on the same day, filed an emergency motion in this court to stay the order of partial disbursement. Our commissioner granted a temporary stay and directed the parties to provide additional briefing on the issue.

On February 21, Ferguson appealed from the trial court's summary

judgment order and the related orders granted in favor of Teller. She additionally moved the trial court to set a supersedeas bond amount in order to stay the partial disbursement to Teller. On March 22, our commissioner issued a ruling extending the temporary stay an additional 14 days and informing Ferguson that she was required to post a bond, cash, or alternate security approved by the trial court in order to stay enforcement of the order. Ferguson and Teller then agreed that $290,905.53 of the amount on deposit in the court registry would serve as Ferguson's supersedeas bond pending the outcome of the appeal. They also agreed that $78,350.85, representing the amount of Waid's lien, would remain in the registry pending further order of the trial court.[3]

Thereafter, on July 12, Ferguson moved to have the trial court summarily set aside Waid's attorney's lien. On July 30, the trial court granted the motion and directed the clerk to disburse to Ferguson the sum of $78,350.85 held in the court registry, together with accrued interest. The order stated, in pertinent part, as follows:

> The $530,107.58 in attorneys' fees do not represent "proceeds" received by Ferguson after arbitration or mediation due to services performed by Mr. Waid. RCW 60.40.010(d). The funds were earned by Teller and Ferguson well before Mr. Waid was retained.
> The funds that are currently in dispute were not obtained by a "judgment" on behalf of Ferguson against Teller. RCW 60.40.010(e). Wilson v. Henkle, 45 Wn. App. 162, 170, 724 P.2d 1069 (1986). Teller, the adverse party, consistently maintained that Ferguson was entitled to half of the attorneys' fees that were generated in the Underlying Matter. Ferguson retained Mr. Waid in her unsuccessful effort to obtain 90% of the fees.

---

[3] Waid was not a party to this agreement.

Waid filed a notice of appeal from that order.

On August 22, Waid filed a motion to stay disbursement to Ferguson of the funds in the court registry representing Waid's attorney's lien and for approval of a supersedeas bond. However, Ferguson had previously withdrawn the funds. The trial court denied Waid's motion in an order issued on August 30, ruling that the motion was moot. The next day, Waid filed an amended notice of appeal to include the August 30 order.

II

Ferguson contends that Waid may not appeal from the July 30 order. This is so, Ferguson reasons, because the order does not constitute a "final judgment" and because here there was no "action" pertaining to Waid. We disagree.

A party may appeal as of right "[a]ny written decision affecting a substantial right in a civil case that in effect determines the action and prevents a final judgment or discontinues the action." RAP 2.2(a)(3). Furthermore, pursuant to RAP 3.1, a party must be "aggrieved" to be permitted to seek review. "An aggrieved party is one whose proprietary, pecuniary, or personal rights are substantially affected." Cooper v. City of Tacoma, 47 Wn. App. 315, 316, 734 P.2d 541 (1987).

The July 30 order meets the criteria of RAP 2.2(a)(3). It is a written decision that affects Waid's substantial right to monetary relief and determined the action with respect to Waid's attorney's lien. Moreover, it is immaterial that Waid was not a named party to the fee dispute between Ferguson and Teller.

In rare cases, a person who is not formally a party to a case may have standing to appeal a trial court's order because the order directly impacts that person's legally protected interests. Thus, in the case of In re Guardianship of Lasky, 54 Wn. App. 841, 848-50, 776 P.2d 695 (1989), we held that an attorney was an "aggrieved party" for purposes of appealing from an order imposing sanctions against him but was not an "aggrieved party" for purposes of appealing from an order removing him as the legal guardian of an incompetent adult. See also State v. G.A.H., 133 Wn. App. 567, 575-76, 137 P.3d 66 (2006) (Department of Social and Health Services could appeal, even though not a named party, because juvenile court ruling ordered department to assume responsibility for minor's welfare); Breda v. B.P.O. Elks Lake City 1800 SO-620, 120 Wn. App. 351, 353, 90 P.3d 1079 (2004) (sanctioned attorney became "aggrieved party" for purposes of appealing sanctions imposed directly against him); Splash Design, Inc. v. Lee, 104 Wn. App. 38, 44, 14 P.3d 879 (2000) (same).

Polygon Nw. Co. v. Am. Nat'l Fire Ins. Co., 143 Wn. App. 753, 768-69, 189 P.3d 777 (2008); accord Meštrovac v. Dep't of Labor & Indus., 142 Wn. App. 693, 704, 176 P.3d 536 (2008) ("'Aggrieved' has been defined to mean "'a denial of some personal or property right, legal or equitable, or the imposition upon a party of a burden or obligation.'"" (quoting G.A.H., 133 Wn. App. at 574 (quoting State v. A.M.R., 147 Wn.2d 91, 95, 51 P.3d 790 (2002)))), aff'd on other grounds sub nom. Kustura v. Dep't of Labor & Indus, 169 Wn.2d 81, 233 P.3d 853 (2010)). Waid has standing to appeal and the July 30 order is appealable.

Ferguson also contends that Waid may not appeal from the August 30 order. Again, we disagree. Appeal is authorized by RAP 2.2(a)(3).

A party may appeal as of right "[a]ny written decision affecting a substantial right in a civil case that in effect determines the action and prevents a final judgment or discontinues the action." RAP 2.2(a)(3). Here, the August 30 order was a written decision that affected Waid's right to assert an attorney's lien.

It also, in effect, determined the action by declaring moot Waid's motion to stay disbursement. The trial court's determination that his motion was moot meant that Waid had no alternative recourse in this action by which Waid could seek to obtain the disbursed funds. Accordingly, the August 30 order is appealable as a matter of right pursuant to RAP 2.2(a)(3).[4]

III

Waid contends that the trial court erred in invalidating his lien. This is so, he reasons, because the money that Ferguson received from working on the underlying matter constitutes "proceeds" pursuant to the applicable statute. We agree.

"The interpretation and meaning of a statute is a question of law subject to de novo review." Bennett v. Seattle Mental Health, 166 Wn. App. 477, 483, 269 P.3d 1079, review denied, 174 Wn.2d 1009 (2012). "The goal of statutory interpretation is to discern and carry out legislative intent." Bennett, 166 Wn. App. at 483. "Absent ambiguity, a statute's meaning is derived from the language of the statute and we must give effect to that plain meaning as an expression of legislative intent." Bennett, 166 Wn. App. at 484.

---

[4] Although the August 30 order is appealable, the trial court did not err when it held that Waid's motion to stay was moot. CR 62 provides, in pertinent part, "Upon the filing of a notice of appeal, enforcement of judgment is stayed until the expiration of 14 days after entry of judgment." CR 62(a). Judgment on the validity of Waid's attorney's lien was entered on July 30, yet he waited until August 22 to bring a motion to stay enforcement of the order. Pursuant to CR 62, Waid had no reason to expect that the funds would still be in the registry of the court 22 days after entry of the disbursement order. Unsurprisingly, the funds had, in fact, been disbursed in the interim. Thus, the trial court did not err by denying his motion as moot. However, notwithstanding the fact that Waid's motion to stay disbursement was moot at the time that it was considered by the trial court, the question of whether Waid's lien is valid is not moot because money remains in the court registry to which Waid's lien could attach.

An attorney may sue a client for unpaid fees, but an attorney also has the option of asserting a lien to ensure payment without resorting to a lawsuit to recover those fees. See RCW 60.40.010(1). Once an attorney's lien attaches to an action, that lien "is superior to all other liens" and "is not affected by settlement of the parties until the lien is satisfied in full." Smith v. Moran, Windes & Wong, PLLC, 145 Wn. App. 459, 466-67, 187 P.3d 275 (2008). RCW 60.40.010 provides, in pertinent part, as follows:

> (1) An attorney has a lien for his or her compensation, whether specially agreed upon or implied, as hereinafter provided:
>
> . . .
>
> (d) Upon an action, including one pursued by arbitration or mediation, and its *proceeds* after the commencement thereof to the extent of the value of any services performed by the attorney in the action, or if the services were rendered under a special agreement, for the sum due under such agreement; and
>
> (e) Upon a judgment to the extent of the value of any services performed by the attorney in the action, or if the services were rendered under a special agreement, for the sum due under such agreement, from the time of filing notice of such lien or claim with the clerk of the court in which such judgment is entered, which notice must be filed with the papers in the action in which such judgment was rendered, and an entry made in the execution docket, showing name of claimant, amount claimed and date of filing notice.
>
> (5) For the purposes of this section, "*proceeds*" means any *monetary sum received in the action.*

(Emphasis added.)

The attorney's lien statute provides that an attorney has a lien "upon an action . . . and its proceeds," which means "any monetary sum received in the action." RCW 60.40.010 (1)(d), (5). Here, Waid's lien arose when Waid filed suit

on behalf of Ferguson. Furthermore, Ferguson received a monetary sum in the action—50 percent of the $530,107.58 contingent fee generated by the clients' decision to settle the underlying matter. The plain language of the statute establishes that "any monetary sum received in the action" constitutes "proceeds." Ferguson received a monetary sum and, therefore, received "proceeds" to which the lien attaches.

Nevertheless, Ferguson contends that Waid's lien is invalid because he failed to obtain a judgment in her favor in the underlying matter. In support of this contention, Ferguson cites to two cases in which we held that a former version of RCW 60.40.010[5] did not authorize a lien when the attorneys failed to obtain a monetary judgment in favor of their clients. See Wilson v. Henkle, 45 Wn. App. 162, 170, 724 P.2d 1069 (1986); see also Suleiman v. Cantino, 33 Wn. App. 602, 606-07, 656 P.2d 1122 (1983). Neither case guides our analysis. The previous version of the statute, in effect when Wilson and Suleiman were decided, required attorneys to obtain a monetary judgment in favor of their clients. Now, however, the amended statute requires only that Ferguson obtained "proceeds" in the action. "Proceeds" are defined as "any monetary sum received in the action." Ferguson received a monetary sum in the action and, therefore, received "proceeds." Thus, the trial court erred by invalidating Waid's lien.

Although the trial court correctly denied Waid's motion to stay the disbursement of the funds as moot, the question of whether Waid's lien is valid is

---

[5] RCW 60.40.010 was amended in 2004. Laws of 2004, ch. 73, § 2 (effective June 10, 2004).

not moot. Here, the trial court erred in determining that Waid's lien was invalid. Accordingly, we reverse the trial court's July 30 order invalidating Waid's lien and remand for a determination of what amount, if any, of the funds remaining in the court registry are rightfully Waid's.

Reversed and remanded.

We concur: