# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| SANDRA L. FERGUSON and THE FERGUSON FIRM, PLLC, | DIVISION ONE |
| Appellant/Cross-Respondent, | No. 74512-3-I |
| v. | UNPUBLISHED OPINION |
| LAW OFFICE OF BRIAN J. WAID, BRIAN J. WAID and JANE DOE WAID, and their marital community, | FILED: April 15, 2019 |
| Respondents/Cross-Appellants. | |

DWYER, J. — Sandra Ferguson and the Ferguson Firm, PLLC (collectively Ferguson) hired Brian J. Waid, d/b/a/ Law Office of Brian J. Waid, to represent her in a fee dispute with her former co-counsel Stephen Teller. However, Waid withdrew as Ferguson's attorney prior to the resolution of the dispute. Subsequently, Ferguson brought a lawsuit against Waid, the Law Office of Brian J. Waid, and Jane Doe Waid (collectively Waid) alleging several causes of action, including legal negligence and violations of the Consumer Protection Act (CPA), chapter 19.86 RCW. In response, Waid denied Ferguson's allegations and brought counterclaims seeking recompense for unpaid attorney fees. Ultimately, the trial court dismissed Waid's counterclaims with prejudice and dismissed Ferguson's claims without prejudice.

Waid now appeals seeking reversal of four of the trial court's orders: (1) the dismissal of Ferguson's claims without prejudice (asserting that the dismissal

should have been with prejudice); (2) the dismissal of his counterclaims with prejudice on the ground that they were barred by res judicata; (3) the order denying Waid's motion for summary judgment in his favor on his counterclaims; and (4) the order denying summary judgment dismissal of Ferguson's CPA claim. We affirm the trial court's dismissal of Ferguson's claims without prejudice, decline to review the trial court's order denying summary judgment dismissal of Ferguson's CPA claim, reverse the dismissal of Waid's counterclaims, and order that Waid be granted partial summary judgment on his account stated counterclaim.

I[1]

In May 2011, Ferguson hired Waid to represent her in a fee dispute with her former co-counsel, Teller, pursuant to a written hourly fee agreement. The fees disputed by Ferguson and Teller, totaling $530,107.58, were placed into the superior court registry during the litigation. Ferguson Firm, PLLC v. Teller & Assocs., PLLC, 178 Wn. App. 622, 626, 316 P.3d 509 (2013). Waid provided legal services to Ferguson, and detailed these services in monthly invoices issued to Ferguson. Ferguson did not object to any of the invoices and made partial payments on the invoices throughout the period of Waid's representation.

---

[1] While not pertinent to our discussion of the issues presented, we note that the parties filed numerous additional motions in this appeal, some of which we resolve herein. First, Ferguson filed several motions to supplement the record on appeal with additional information contained in several appendices to her briefing. She also seeks to add additional testimony and further requests that we take judicial notice of certain facts. Because none of the additional information is material to the resolution of the issues on appeal, her motions to supplement the record are hereby denied. We consider the record as it was before the trial court.

Second, Waid filed a statement of additional authorities and Ferguson filed a subsequent motion to strike the statement of additional authorities. Because Waid does not, in his statement of additional authorities, cite to authority setting forth principles of law material to the resolution of the issues presented on appeal, we grant the motion to strike.

However, in February 2012, Waid withdrew as counsel for Ferguson. At that time, Ferguson had yet to pay all outstanding amounts invoiced for Waid's legal services. Hence, Waid filed a $78,350.85 lien for unpaid attorney fees in Ferguson's case against Teller. Ferguson, 178 Wn. App. at 627.

Subsequently, the trial court ordered a partial disbursement of the funds in the court registry, determining that Ferguson and Teller were each entitled to half of the funds. Ferguson, 178 Wn. App. at 627. However, the court ordered that $78,350.85 of Ferguson's share could not be disbursed until Waid's lien claim was resolved. Ferguson, 178 Wn. App. at 627.

Ferguson then successfully moved to vacate Waid's lien. The trial court held that the funds on deposit in the court registry did not constitute "proceeds" as defined by the attorney fees lien statute, RCW 60.40.010, and were therefore not subject to Waid's lien. In rendering its decision, the trial court did not rule on the merits of Waid's claim for the amount of fees due to him. Shortly thereafter, Ferguson withdrew the funds previously set aside.

Several weeks later, Waid moved to stay the disbursement of funds to Ferguson. The trial court ruled that the issue was moot because Ferguson had already withdrawn the funds. Waid then appealed from the order vacating his lien. Ferguson, 178 Wn. App. at 628.

We reversed the trial court's decision that the funds in the court registry did not constitute "proceeds" to which Waid's lien could attach. Ferguson, 178 Wn. App. at 631-32. Recognizing that Ferguson had already removed the disputed funds from the court registry, we nonetheless concluded that his claim

3

was not moot because sufficient funds then remained in the court registry to satisfy Waid's lien claim. Ferguson, 178 Wn. App. at 630 n.4. We did not rule on the merits of Waid's lien claim but, rather, remanded the matter "for a determination of what amount, if any, of the funds remaining in the court registry are rightfully Waid's." Ferguson, 178 Wn. App. at 633.

In short order, Teller successfully moved for disbursement to him of all funds remaining in the court registry. Because this left nothing to satisfy Waid's lien claim, Waid requested that the trial court order Ferguson to return the funds previously disbursed to her so that Waid's lien claim could be resolved. The trial court denied the motion.[2] As a result, Waid declined to pursue resolution of his lien claim.

Thereafter, Ferguson filed a legal malpractice action against Waid, alleging negligence, breach of contract, breach of fiduciary duty, fraud, conversion, infliction of emotional distress, and violation of the CPA. Waid denied the claims and filed account stated and breach of contract counterclaims, seeking payment of his outstanding invoices.

Waid and Ferguson both filed motions seeking summary judgment. While the trial court made several rulings on summary judgment, those pertinent to this appeal are (1) its ruling denying Waid's motion for dismissal of Ferguson's CPA claim based on there being genuine disputes as to material facts, (2) its ruling dismissing Waid's counterclaims on the basis that they were barred by the

---

[2] The trial court denied Waid's motion because "[t]he Court of Appeals remanded this case with instructions for this court to determine 'what amount, if any, of the funds remaining in the court registry are rightfully Waid's.'"

4

doctrine of res judicata, and (3) its ruling denying Waid's motion for summary judgment in his favor on his counterclaims.

These rulings left the following claims for trial: professional negligence and the CPA claim. However, during pretrial proceedings Ferguson missed numerous deadlines set by the trial court and generally failed to participate in any joint pretrial efforts. Instead, Ferguson sought, but was denied, a continuance of the trial.

On the scheduled day of trial, Ferguson arrived late and her attorney did not appear in court, instead sending a letter again seeking a continuance of the trial. The trial judge managed to get Ferguson's attorney on the telephone, and the parties proceeded to argue their positions on proceeding with trial. Ferguson asserted that she was not prepared for trial and needed a continuance both to finish preparations and to pare down the issues and evidence to be presented. Waid asserted that Ferguson was entirely at fault for her lack of preparation, that she had not complied with any of the trial court's orders regarding pretrial matters and scheduling, and that a continuance would result in prejudice to Waid. Waid asserted that "the choice is to proceed today, which we've all known about, or dismiss the case."

However, the trial judge was unavailable to oversee a continued trial, as requested by Ferguson. The judge thus considered several alternative options for proceeding with the case, including attempting to locate a different judge who could try the case, asking Waid if he would waive his right to a jury trial, shortening the trial, or proceeding with the trial as scheduled. The trial court

5

concluded that Ferguson was responsible for her failure to be prepared for trial, that Ferguson had violated numerous court orders, and that there was no practicable alternative but to dismiss the case without prejudice.

After the trial judge orally announced her decision to dismiss Ferguson's remaining claims without prejudice, Waid requested that the judge "address the terms and conditions, if Ms. Ferguson decides to refile, as far as payment of defense costs."[3] The trial judge declined to address the payment of defense costs in the event of refiling. Waid asked no further questions during the hearing regarding the judge's ruling.

Instead, 10 days later, Waid moved for reconsideration of the order dismissing the case, seeking dismissal with prejudice as opposed to dismissal without prejudice. Waid now appeals from the denial of this motion and from the order dismissing the case without prejudice, as well as from the dismissal, with prejudice, of his counterclaims on summary judgment and the denial of his motions for summary judgment on Ferguson's CPA claim and on his account stated and breach of contract counterclaims.

II

As a preliminary matter, Ferguson asserts that Waid cannot appeal from the denial of his motion for reconsideration because the order denying reconsideration is void. This is so, Ferguson asserts, because the trial court lost

---

[3] This request makes clear that, at that time, Waid understood that dismissal without prejudice had been ordered.

jurisdiction over the matter following its order dismissing Ferguson's claims without prejudice.[4] We disagree.[5]

Ferguson relies solely on Cork Insulation Sales Co. v. Torgeson, 54 Wn. App. 702, 775 P.2d 970 (1989), a Division Three case, to assert that the trial court had no jurisdiction over the case subsequent to its order dismissing the case and that, therefore, its subsequent order denying Waid's motion for reconsideration is void. However, Cork is inapposite. That opinion addresses a voluntary dismissal, not an involuntary dismissal. See Cork, 54 Wn. App. at 707 ("[H]aving taken a voluntary dismissal, [Cork] has waived the jurisdiction of both the trial and appellate courts with respect to the merits of its claim."). Ferguson cites no authority to support the notion that this rule should apply to involuntary dismissals.

---

[4] The claim is in reality that the superior court lost the authority to act. The two components of jurisdiction—personal and subject matter—were always present. As a general jurisdiction court, the superior court had jurisdiction over the subject matter involved. Similarly, the superior court had, at all times, jurisdiction over the persons involved.

[5] Although Ferguson does not address any other issues regarding Waid's right to appeal from the trial court's order of dismissal, we note that if Waid's only claim of error on appeal was that the trial court should have dismissed the claims against him with prejudice as opposed to without prejudice, we would first need to determine if Waid was aggrieved by the dismissal without prejudice because "[o]nly an aggrieved party may seek review by the appellate court." RAP 3.1. "While RAP 3.1 does not itself define the term 'aggrieved,' Washington courts have long held that '[f]or a party to be aggrieved, the decision must adversely affect that party's property or pecuniary rights, or a personal right, or impose on a party a burden or obligation.'" Randy Reynolds & Assocs. v. Harmon, No. 95575-1, slip op. at 4-5 (Wash. Mar. 28, 2019) http://www.courts.wa.gov/opinions/pdf/955751.pdf (citing In re Parentage of X.T.L., No. 31335-2-III, slip op. at 17 (Wash. Ct. App. Aug. 19, 2014) (unpublished) http://www.courts.wa.gov/opinions/pdf/313352.unpub.pdf; State v. Taylor, 150 Wn.2d 599, 603, 80 P.3d 605 (2003) (stating that an aggrieved party is "one whose personal right or pecuniary interests have been affected"); Sheets v. Benevolent & Protective Order of Keglers, 34 Wn.2d 851, 855, 210 P.2d 690 (1949)).

A different analysis, however, controls the appealability of Waid's appeal from the order dismissing without prejudice. This order was the final order entered by the trial court and finally resolved all claims. Prior to entry of this order Waid was unable to appeal from the interlocutory order dismissing his counterclaims. RAP 2.2(a)(1), (3). Waid was clearly aggrieved by the dismissal of his counterclaims. Thus, it is clear that—in this instance—the appeal from the order dismissing without prejudice is properly taken.

Even had Ferguson argued to extend Cork's holding to involuntary dismissals, we would decline to do so. Subsequent cases have limited, rather than extended, Cork's holding. For example, in Condon v. Condon, 177 Wn.2d 150, 157-61, 298 P.3d 86 (2013), our Supreme Court noted that Cork's holding is limited and concluded that even a voluntary dismissal did not relieve a court of the authority to enforce a settlement agreement. Similarly, in Hawk v. Branjes, 97 Wn. App. 776, 782-83, 986 P.2d 841 (1999), we concluded that a court retains authority following a voluntary dismissal to determine an award of attorney fees pursuant to a statutory provision or contractual agreement.

The trial court's order denying Waid's motion for reconsideration is not void. Waid's appeal is proper.

III

A

Waid first asserts that the trial court abused its discretion by dismissing Ferguson's claims without prejudice instead of with prejudice. Waid did not properly preserve this claim of error for appeal. His request for relief that prompted the trial court's ruling was for the trial court to dismiss Ferguson's case. He did not request a dismissal with prejudice at that time, nor did he contemporaneously object to the judge's ruling. His request for a dismissal with prejudice was first made in his motion to reconsider—far too late to preserve the claim of error.

"It is a principle of long standing that a trial attorney who does not request a remedy forfeits the claim that the trial judge should have imposed that remedy."

8

_State v. Giles_, 196 Wn. App. 745, 769-70, 385 P.3d 204 (2016). If a party receives the remedy it requested from the trial court, that party may not subsequently claim such a determination to have been made in error. See _Giles_, 196 Wn. App. at 769; accord _State v. Warren_, 165 Wn.2d 17, 28, 195 P.3d 940 (2008); _State v. Swan_, 114 Wn.2d 613, 661-64, 790 P.2d 610 (1990).

Herein, Waid seeks review of the order dismissing Ferguson's claims without prejudice. However, because Waid merely requested a dismissal, and did not specifically request a dismissal with prejudice, he has waived his claim of error. See _Giles_, 196 Wn. App. at 769-70. The record indicates that Waid had several opportunities to clarify that he was seeking a dismissal with prejudice prior to the trial court's ruling, but never requested anything other than the dismissal of Ferguson's claims. Even when Ferguson's counsel asked the trial court whether the dismissal would be with or without prejudice, Waid never asserted that he was entitled to, or that he even sought, a dismissal with prejudice. When the trial court orally announced its decision to dismiss Ferguson's claims without prejudice, Waid did not assert any objections to the ruling.[6] Waid asked for, and received, a dismissal. Thus, he forfeited any claim that dismissal without prejudice was improper.

---

[6] Instead, Waid waited over a week to file a subsequent motion for reconsideration, in which he, for the first time, asserted that dismissal with prejudice was the only proper remedy. This was too little, too late. The trial court, with both parties present on the scheduled day of trial, explicitly considered lesser sanctions, such as an abbreviated trial or converting the jury trial to a bench trial, and concluded that dismissal without prejudice was the appropriate remedy. The circumstances surrounding that consideration were not reproducible more than a week after the initial ruling. Waid's motion for reconsideration was not brought at a time when the trial court had the same array of choices available to it. Had Waid contemporaneously made clear that his motion was _not_ for a dismissal without prejudice, the trial judge may have chosen a remedy other than dismissal. We can never know the answer to this question, which illustrates why contemporaneous objections are necessary to avoid forfeiting a claim of error.

B

Even had Waid properly requested a dismissal with prejudice, and objected to the trial court's order of a dismissal without prejudice, it is nevertheless so that the trial court did not err in reaching its decision.

We review an order of dismissal for an abuse of discretion. Rivers v. Wash. State Conference of Mason Contractors, 145 Wn.2d 674, 684-85, 41 P.3d 1175 (2002). A trial court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds. In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997).

A trial court has broad "discretionary authority to manage its own affairs so as to achieve the orderly and expeditious disposition of cases." Woodhead v. Disc. Waterbeds, Inc., 78 Wn. App. 125, 129, 896 P.2d 66 (1995) (citing Wagner v. McDonald, 10 Wn. App. 213, 217, 516 P.2d 1051 (1973)). The trial court's discretionary authority to dismiss a case has also been codified in RCW 4.56.120 and in CR 41. Pursuant to RCW 4.56.120, an "action in the superior court may be dismissed by the court and a judgment of nonsuit rendered in the following cases: . . . . (7) Upon its own motion, for disobedience of the plaintiff to an order of the court concerning the proceedings in the action." Similarly, CR 41(b) states, in pertinent part, that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against him or her."

"[I]t is the general policy of Washington courts not to resort to dismissal lightly." Woodhead, 78 Wn. App. at 129-30 (citing Anderson v. Mohundro, 24

10

Wn. App. 569, 575, 604 P.2d 181 (1979)). "Where, however, a court has found that a party has acted in willful and deliberate disregard of reasonable and necessary court orders and the efficient administration of justice and has prejudiced the other side by doing so, dismissal has been upheld as justified." Woodhead, 78 Wn. App. at 130 (citing Anderson, 24 Wn. App. at 575). Dismissal pursuant to CR 41(b) is "an appropriate remedy where the record indicates that '(1) the party's refusal to obey [a court] order was willful or deliberate, (2) the party's actions substantially prejudiced the opponent's ability to prepare for trial, and (3) the trial court explicitly considered whether a lesser sanction would probably have sufficed.'" Will v. Frontier Contractors, Inc., 121 Wn. App. 119, 129, 89 P.3d 242 (2004) (alteration in original) (quoting Rivers, 145 Wn.2d at 686).

The record herein is clear: the trial court properly performed the required analysis as set forth by case law and did not abuse its discretion.[7] See Will, 121 Wn. App. at 129. The trial court noted that Ferguson had repeatedly missed deadlines, failed to provide information to opposing counsel, and was to blame for her lack of preparedness for trial. The trial court also considered numerous alternative options to a dismissal, including finding a different judge to take over the proceedings, shortening the trial, converting the jury trial to a bench trial, or

---

[7] Waid cites to no case in which an appellate court reversed a trial court order dismissing a case without prejudice on the basis that a dismissal with prejudice was required. Instead he cites to Apostolis v. City of Seattle, 101 Wn. App. 300, 3 P.3d 198 (2000), and Woodhead, 78 Wn. App. 125, which simply affirm the dismissal with prejudice of the cases there at issue. The absence of authority in support of Waid's position is notable.

11

simply proceeding with the trial as planned.[8] The trial court's analysis was far from manifestly unreasonable or untenable.[9] Dismissing Ferguson's claims without prejudice was not an abuse of discretion.

IV

Waid next contends that the trial court erred when it denied his motion seeking dismissal of Ferguson's CPA claim. Ferguson responds by asserting that Waid may not appeal from the denial of a summary judgment motion. We decline to review the merits of Waid's assignment of error because he seeks an advisory opinion and because the order denying Waid's motion for summary judgment is not reviewable.

It is a longstanding rule that, generally, courts "do not give advisory opinions." Hutchinson v. Port of Benton, 62 Wn.2d 451, 456, 383 P.2d 500 (1963).

Moreover, "a denial of summary judgment based on a trial court's determination of the presence of material, disputed facts" is not a decision determining an action. Johnson v. Rothstein, 52 Wn. App. 303, 305-06, 759 P.2d 471 (1988). Therefore, "denial of a motion for summary judgment is ordinarily not reviewable."[10] City of Redmond v. Hartford Accident & Indem. Ins. Co., 88

---

[8] Waid contends that Ferguson's behavior was so egregious that only dismissal with prejudice was a just remedy. The trial court plainly did not view the case this way. We say this because the trial court searched extensively for other remedies, short of dismissal, notwithstanding Ferguson's misbehavior.

[9] On the scheduled day of trial, Waid's counsel at one point suggested proceeding with the trial as planned, as an alternative to dismissal. This suggestion sharply contradicts Waid's contention on appeal that the only reasonable course was to dismiss Ferguson's claims with prejudice.

[10] The proper procedure to preserve a claim of error following a denial of a request for summary judgment is to bring a "motion challenging the sufficiency of the evidence during trial or by a posttrial motion." Johnson, 52 Wn. App. at 308. When a trial court denies summary

Wn. App. 1, 6 n.2, 943 P.2d 665 (1997) (citing Zimny v. Lovric, 59 Wn. App. 737, 739, 801 P.2d 259 (1990)).

Herein, Waid seeks review of an order denying dismissal on summary judgment of Ferguson's CPA claim. However, that CPA claim is no longer a part of this case because it was dismissed. Therefore, any ruling we would make on this issue would be advisory because it would not effect a claim present in this lawsuit. For this reason, we decline to review this assignment of error.

Furthermore, the denial of summary judgment on Ferguson's CPA claim is not reviewable. The trial court explicitly found that there were genuine disputes of material fact. Because "the trial court found there were disputed issues of fact, this assignment of error is unreviewable." Canfield v. Clark, 196 Wn. App. 191, 194, 385 P.3d 156 (2016).

For both reasons, Waid does not show an entitlement to appellate relief.

V

Waid next contends that the trial court erred by concluding that his counterclaims of an account stated and breach of contract were barred by the doctrine of res judicata. This is so, he asserts, because there was no final judgment as to the merits of the lien he asserted in the prior litigation, and thus there was no final judgment on the issue of his entitlement to attorney fees. In response, Ferguson asserts that Waid declined to enforce his lien and that he has therefore waived his right to bring any claims relating to his right to attorney

---

judgment due to factual disputes, any review on appeal must follow a trial on the merits and any claim of error must be based on the evidence adduced at trial. Caulfield v. Kitsap County, 108 Wn. App. 242, 249 n.1, 29 P.3d 738 (2001).

fees arising from the underlying matter.

Res judicata is an equitable court-created doctrine. Karlberg v. Otten, 167 Wn. App. 522, 535, 280 P.3d 1123 (2012) (citing Corbin v. Madison, 12 Wn. App. 318, 323, 529 P.2d 1145 (1974)). The doctrine bars relitigation of claims "that were litigated, or could have been litigated, in a prior action." Karlberg, 167 Wn. App. at 535 (citing Ensley v. Pitcher, 152 Wn. App. 891, 899, 222 P.3d 99 (2009)). However, the "threshold requirement of res judicata is a final judgment on the merits in the prior suit." Hisle v. Todd Pac. Shipyards Corp., 151 Wn.2d 853, 865, 93 P.3d 108 (2004). Washington courts apply the doctrine of res judicata only "where a prior final judgment is identical to the challenged action in '(1) subject matter, (2) cause of action, (3) persons and parties, and (4) the quality of the persons for or against whom the claim is made.'" Lynn v. Dep't of Labor & Indus., 130 Wn. App. 829, 836, 125 P.3d 202 (2005) (quoting Loveridge v. Fred Meyer, Inc., 125 Wn.2d 759, 763, 887 P.2d 898 (1995)).

The trial court summarily dismissed Waid's account stated and breach of contract claims seeking recompense for unpaid attorney fees because "it is clear that the defendant's lien for attorney fees in the underlying Ferguson vs. Teller matter was litigated[,]" and "Mr. Waid didn't pursue his lien or his claim for attorney fees, even though it clearly had been a point of contention and an issue that was litigated in that matter." However, the record does not support the trial court's reasoning. Instead, it shows that Waid's entitlement to attorney fees was not litigated and that there was never any final judgment on the question.

Our decision in Ferguson resolved only one issue regarding the validity of

Waid's lien claim: whether Waid's lien could properly attach to any of the funds placed in the court registry pending resolution of the fee dispute between Ferguson and Teller. 178 Wn. App. at 631-32. We concluded that Waid's lien was valid. Ferguson, 178 Wn. App. at 631-32. However, the money in the registry that had once been set aside to potentially satisfy Waid's lien had already been disbursed.[11] Ferguson, 178 Wn. App. at 628. Recognizing that, at the time of our decision, other funds remained in the court registry from which Waid's lien could potentially be satisfied, we remanded the matter for a determination of the proper amount, if any, of those funds remaining in the registry to which Waid's lien attached. Ferguson, 178 Wn. App. at 633. We did not rule on the merits of Waid's lien claim.

On remand, the trial court also did not rule on the merits of Waid's lien claim. Waid declined to litigate the merits of his lien because his lien claim had been rendered moot. Ferguson asserts that Waid's failure to litigate the merits of his lien claim resulted in his waiver of any subsequent claim of right to attorney fees from the underlying matter. However, the record shows that Waid's decision not to litigate his lien claim was due to the disbursement of all remaining funds in the court registry to Teller.[12] Once there were no funds remaining to which

---

[11] In Ferguson, we explained that Waid had missed his window of opportunity to stay the disbursement of funds in the registry when he failed to move to stay the disbursement within the time period required by CR 62. Ferguson, 178 Wn. App. at 630 n.4.

[12] Almost a full year passed between the filing of our decision in Ferguson (December 2013) and Teller receiving the disbursement of all funds remaining in the court registry (September 2014). However, Waid's failure to litigate his lien claim during this time is understandable, as Ferguson had petitioned the Supreme Court for review of our decision. Review was denied in July 2014. Ferguson Firm, PLLC v. Teller & Assocs., PLLC, 180 Wn.2d 1025, 328 P.3d 903 (2014). Upon learning of Teller's receipt of the remaining funds in the registry, Waid filed a motion requesting that the trial court order Ferguson to return the funds

Waid's lien could attach, the lien claim was moot.[13] See Ferguson, 178 Wn. App. at 630 n.4 ("[T]he question of whether Waid's lien is valid is not moot because money remains in the court registry to which Waid's lien could attach.").

Accordingly, the record makes clear that no court ever issued a final judgment on the question of whether Waid was actually entitled to attorney fees as alleged in his lien claim, nor could any court have done so because the claim was moot. Therefore, res judicata does not apply to bar Waid's subsequent account stated and breach of contract claims seeking payment of attorney fees arising out of the Ferguson litigation.[14] The trial court erred by ruling otherwise.

## VI

Waid next contends that the trial court erred by denying his motion for summary judgment on his account stated counterclaim. Waid specifically asserts that the trial court erred when it concluded that, because Ferguson's professional negligence claims disputed the basis for and reasonableness of attorney fees and costs allegedly earned by Waid, the parties necessarily disputed genuine issues of fact material to Waid's account stated counterclaim. We agree.

---

previously disbursed to her. When this motion was denied there was no point in pursuing the merits of the lien claim. There was no money in the court registry to which the lien could attach.

[13] It is for this reason that we also reject Ferguson's assertion that Waid waived his claim to attorney fees and failed to mitigate his damages when he failed to litigate his lien claim in Ferguson. Ferguson strenuously asserts that it is unfair for Waid to be able to claim that he is owed attorney fees after failing to litigate his attorney fees lien, but the lien only entitled Waid to recover fees from "proceeds" Ferguson obtained during the litigation. Ferguson, 178 Wn. App. at 631-32; RCW 60.40.010. Once the remaining funds in the court registry were disbursed to Teller, there were no remaining "proceeds" to which Waid's lien could apply. Our prior decision had restricted the issue on remand to determining the portion of funds remaining in the registry, if any, to which Waid's lien attached. There was nothing Waid could have done to obtain fees via his lien after all of the remaining funds had been disbursed.

[14] Lost in the furor is a simple notion. Nothing in the lien statute requires an attorney who seeks payment for services rendered to file a lien. Had Waid never filed a lien he would still have the ability to sue Ferguson to recover his unpaid fees.

On the record before us undisputed facts show that Waid established an account stated as to his invoices sent through January 2012. Therefore, the trial court should have granted Waid partial summary judgment on his account stated claim.

A denial of summary judgment is generally not reviewable on appeal. City of Redmond, 88 Wn. App. at 6 n.2. However, courts may review a denial of summary judgment if there are no disputed questions of fact and "the decision on summary judgment turned solely on a substantive issue of law." Univ. Vill. Ltd. Partners v. King County, 106 Wn. App. 321, 324, 23 P.3d 1090 (2001).

An account stated is "'a manifestation of assent by debtor and creditor to a stated sum as an accurate computation of an amount due the creditor.'" Sunnyside Valley Irrig. Dist. v. Roza Irrig. Dist., 124 Wn.2d 312, 315, 877 P.2d 1283 (1994) (quoting RESTATEMENT (SECOND) OF CONTRACTS § 282(1) (1981)). "[O]nce an account stated is established, it becomes a new contract." Parrot Mech., Inc. v. Rude, 118 Wn. App. 859, 865, 78 P.3d 1026 (2003).

"To establish an account stated, an invoice must set forth the state of the account between the parties and the balance owed." Parrot Mech., 118 Wn. App. at 865. Whether the invoice is actually a true statement of work performed is immaterial to an account stated claim. Parrot Mech., 118 Wn. App. at 866-67. Instead,

> "[t]o impart to an account the character of an account stated it must be mutually agreed between the parties that the balance struck thereon is the correct amount due from the one party to the other on the final adjustment of their mutual dealings to which the account relates. The mere rendition of an account by one party to another does not show an account stated. *There must be some form of assent* to the account, that is, *a definite*

17

*acknowledgment of an indebtedness in a certain sum. . . . True, assent may be implied from the circumstances and acts of the parties, but it must appear in some form."*

Sunnyside, 124 Wn.2d at 315-16 (second alteration in original) (quoting Shaw v. Lobe, 58 Wash. 219, 221, 108 P. 450 (1910)).

"The notion that an account stated can only be premised on an express mutual agreement to settle the account by payment of a stated sum misapprehends one of the functions of the doctrine, to permit the court to impute agreement to a party *in the absence* of explicit agreement about that sum." Sunnyside, 124 Wn.2d at 317-18 (citing RESTATEMENT (SECOND) OF CONTRACTS § 282(2) (1981)). Assent to the account stated may therefore be implied from the failure to object within a reasonable amount of time. Parrot Mech., 118 Wn. App. at 865. "How long a time is unreasonable is a question of fact to be answered in the light of all the circumstances." RESTATEMENT (SECOND) OF CONTRACTS § 282 cmt. b (1981). Additionally, "payment, together with a failure to objectively manifest either protest or an intent to negotiate the sum at some future time, does establish an account stated." Sunnyside, 124 Wn.2d at 316 n.1 (citing Nw. Motors, Ltd. v. James, 118 Wn.2d 294, 302-03, 822 P.2d 280 (1992)).

Herein, the trial court denied Waid's motion for summary judgment on his account stated counterclaim, explaining that

> [t]he basis for and reasonableness of attorney fees and costs allegedly earned by Defendant while representing Plaintiff in underlying litigation are at the heart of Plaintiff's allegations of professional negligence in the instant cause of action. Genuine issues of material fact preclude the entry of summary judgment on Defendant's counterclaims for attorney fees and costs earned during that representation.

However, the basis and reasonableness of the attorney fees Waid seeks to recover through his account stated counterclaim are not material to whether Waid has a valid account stated claim. See Parrot Mech., 118 Wn. App. at 867 ("Parrot was not required to prove that the invoices were a true statement of the work done. . . . Disputed facts on this question . . . are not material."). Thus, the trial court's explanation establishes that it denied summary judgment based on its erroneous belief that whether Waid performed the work to earn the attorney fees claimed to be due was material to his account stated counterclaim.[15] Instead, the trial court should have considered solely whether the undisputed facts established that Waid presented written invoices to Ferguson setting forth the state of the account between Waid and Ferguson and whether Ferguson assented to the account as presented in such invoices.

The record supports Waid's contention that the undisputed facts establish that he provided written invoices to Ferguson setting forth the state of her account and that Ferguson assented to some of those invoices through her failure to object to them and through her partial payments made in response to certain of them.[16] Ferguson admitted that Waid presented her with written

---

[15] The trial court also relied upon this explanation to justify denial of Waid's summary judgment request as to his breach of contract counterclaim. Waid also contends that such denial was erroneous. However, unlike with the account stated claim, whether Waid actually performed the work pursuant to his contract with Ferguson is material to whether Ferguson owes Waid damages for a breach of that contract. If Waid did not fulfill all of his obligations pursuant to his contract with Ferguson, then he may not be entitled to his claimed fees as damages. Because the trial court concluded that there were genuine issues of material fact regarding whether Waid performed his obligations pursuant to the contract, we decline to review the denial of Waid's motion for summary judgment on his breach of contract claim. See Canfield, 196 Wn. App. at 194 (because "the trial court found there were disputed issues of fact, [the] assignment of error [to the denial of summary judgment] is unreviewable").

[16] In her briefing, Ferguson contends only that res judicata bars Waid's account stated counterclaim. She presents no argument regarding the merits of Waid's account stated claim and

invoices setting forth a statement of her account. Ferguson also admitted that she did not contemporaneously object to any of the fees or expenses stated in Waid's invoices. Furthermore, the record shows that Ferguson made contemporaneous payments on certain of Waid's invoices, the latest of which was in January 2012, only a month prior to the termination of Waid's representation of Ferguson in the litigation against Teller. Thus, the record is clear: Ferguson's "failure to objectively manifest either protest or an intent to negotiate the sum at some future time," Sunnyside, 124 Wn.2d at 316 n.1 (citing Nw. Motors, 118 Wn.2d at 302-03), when she made payments on Waid's invoices established an account stated as to Waid's invoices up through the date of those payments.

However, Ferguson did not make any payments subsequent to her partial payment in January 2012. The record before us is insufficient to determine as a matter of law that Ferguson assented to the invoices she received from Waid subsequent to her January 2012 payment. While assent may be implied from the failure to object after a reasonable period of time, Waid does not point to undisputed facts in the record to establish that which constitutes a reasonable period of time under the circumstances. We would thus be placing ourselves in the role of fact finder were we to determine if the delay between when Ferguson received the invoices following her final payment and when she first objected to them was reasonable. We decline to do so.

---

does not dispute that she received and assented to Waid's written invoices through her failure to object to them and her partial payment of certain of them.

Therefore, because the trial court's order denying summary judgment was based solely on an error of law and the undisputed facts show that Waid established an account stated, we conclude that the trial court erred. On remand, the trial court must grant Waid partial summary judgment as to his account stated established at the time of Ferguson's January 2012 payment. The trial court then must determine whether Ferguson ever assented to Waid's subsequent invoices.[17]

Affirmed in part. Reversed in part and remanded.

WE CONCUR:

---

[17] Because we order that the trial court grant only partial summary judgment on Waid's counterclaim, we cannot order an award of prejudgment or postjudgment interest in Waid's favor. Upon the trial court's determination as to the entirety of Waid's account stated counterclaim, the trial court should determine the amount of interest, if any, to be awarded.